## JONES v. GRAVES.

1. Occupying claimant: TITLE BOND. The vendee of real estate holding it under a bond for a deed conditioned upon the payment of the purchase-money, cannot recover against the vendor or his grantee under the occupying claimant act for improvements made thereon.

*Appeal from Polk District Court.*

MONDAY, DECEMBER 17.

OCCUPYING CLAIMANT: COLOR OF TITLE, &c. In January, 1866, Jones recovered in an action of right against Graves,

lot 3, block 5, Holcomb's addition to Des Moines. On the same day Graves filed his petition to be allowed for certain improvements as an occupying claimant, and it is upon this petition that the present appeal arises. The cause was tried to a jury, who, upon the evidence and under the charge of the court, found against the claim of Graves as an occupying claimant. The following facts are either not controverted, or must be taken, under the finding of the jury, to be established :

1. On the 24th May, 1856, Holcomb, the then undisputed owner, sold the lot on credit to one Kimble, and *gave him a title bond* for a deed on payment of certain notes given by Kimble to Holcomb for the purchase-money.

2. This title bond was assigned by Kimble to Crocker, by Crocker to Marsh, and by Marsh to one A. J. Myrick, who, in 1857, erected and partially completed a house and some other improvements on the lot in question. Myrick was in possession.

3. On the 17th day of April, 1858, Myrick contracted to sell the premises to Graves, and executed to Graves a *title bond*, conditioned to make him title if he should pay certain notes to Holcomb (*corresponding in dates and amounts with those executed by Kimble to Holcomb, for the unpaid purchase-money of the lot*), and certain notes to Myrick. Graves took possession, completed the house, and he and his family have continued ever since and now continue to occupy the house and premises.

4. In 1859 (while Graves was so in possession), Holcomb, the original vendor to Kimble, not having been paid his purchase-money, filed his bill to foreclose the title bond to Kimble, making Kimble, but not Graves, a party. The latter, however, knew of the pendency of this suit, for " on the 26th day of August, 1859, Graves filed a motion in said suit to allow one E. Myrick to be

made a party defendant to Holcomb's bill against Kimble, which motion was *verified by Graves.*" · For cause of said motion, it is stated, in substance, that Holcomb executed the title bond in question in that suit, May 24, 1856, to Kimble; that Kimble assigned to Crocker, Crocker to Marsh, Marsh to ·A. J. Myrick; and on the 11th September, 1858, A. J. Myrick assigned the bond to E. Myrick, who is now the owner and in posession of said bond. Graves does·not disclose that he had any interest in the premises. The record does not show any action of the court upon this motion.

5. In September, 1860, Holcomb, in his said suit against Kimble, obtained a decree for $596.06, the unpaid purchase-money; afterward issues execution and sells, and on the 26th day of February, 1861, he (Holcomb), obtains a sheriff's deed for the property.

6. On the 13th day of June, 1865, Holcomb conveys the lot in question to Jones, *with warranty.*

7. Jones brings ejectment against Graves (who seems to have filed no answer), and recovered against him at the January Term, 1866. Whereupon, as above stated, Graves commences the present proceeding to be allowed, under the occupying claimant statute, for the improvement which he and his immediate vendor (A. J. Myrick) had made upon the lot.

The court, among other instructions to the jury, gave the following, to which Graves duly excepted, to wit:

"If you find from the evidence, that Jones bought the property of Holcomb, as at the date of the deed in evidence, and that the defendant (Graves) obtained possession of the premises and has continued in possession under a contract of purchase from A. J. Myrick, and that Myrick· had obtained possession and held possession as an assignee of a title bond from Holcomb,' that any improvements made by any such parties under such circumstances, and

with a full knowledge of the character of their possession, cannot be recovered for in this suit. If, however, you find from the evidence that defendant, Graves, bought of A. J. Myrick, believing him in good faith to be the owner of the premises, and made improvements on the premises, believing that Myrick had title, then defendant may recover for all improvements so made on the premises by them less the value of the rent and profits of the lot.

"If you are satisfied, from the evidence, that Graves knew that Holcomb held the legal title and that the notes recited in the bond from Myrick to Graves were notes due to Holcomb for the purchase-money, then any improvements made by Myrick or Graves, under a possession held under such a bond, cannot be recovered for in this action.

"If you find from the evidence that Graves held possession of the premises at the date of the bond from Myrick, and that said bond was executed at its date, then the decree of foreclosure could not affect the right of Graves (if any) or the rights he obtained (if any) from Myrick, as neither were parties to said proceedings.

"If you find, from the evidence, that, after said foreclosure, Graves continued in possession, and that the same was not asserted or claimed by Graves under any title bond derived directly or indirectly from Holcomb, such possession was adverse, and any improvements made by him in good faith after said foreclosure, and before the judgment in this case, may be assessed."

Other instructions were given and refused, not necessary to be noticed, as the opinion of the court does not relate to them.

Graves, being unsuccessful in the court below, appeals.

*B. N. Kinyon* for the appellant.

*Phillips & Phillips* for the appellee.

DILLON, J.—Graves' own title bond from A. J. Myrick, recites that Graves is to pay *Holcomb* certain notes corresponding with those originally executed by Kimble to Holcomb for the purchase-money of the lot. Graves' affidavit in the foreclosure suit of Holcomb, shows that he knew that Kimble only received from Holcomb a title bond, and it was this bond under which Myrick and others claimed the property. These and other circumstances make it quite clear that Graves *knew from the beginning* that Myrick (of whom he bought) held and claimed the property only as the assignee of the Kimble title bond. At all events, this question was fairly submitted to the jury in the instructions quoted in the statement, and the jury must have found from the testimony, that Graves knew when he bought of Myrick, that the latter did not claim to be absolute owner, but held under the Kimble title bond. This finding is, to our minds, clearly supported by the evidence.

<div style="margin-left:2em; font-variant: small-caps; font-size: small;">1. OCCUPYING CLAIMANT: title bond.</div>

Under these circumstances, is Graves entitled to the benefit of the occupying claimant act, and can he recover of the original vendor (Holcomb) or his grantee (Jones) the value of the improvement made by Myrick and subsequently completed by himself? He bases this claim upon sections 2264 and 2269 of the Revision, insisting that he, and Myrick, under whom he claims, have " in good faith made valuable improvements on the land, and have, in the proper action, been found not to be the rightful owners thereof ;" and that he has, under section 2269, *color of title*, because he has occupied the property, by himself and those under whom he claims, for more than five years, and that the relation of landlord and tenant between himself and either Holcomb or Jones never existed.

After giving to the forcible and ingenious argument of appellant's counsel on this question, due consideration,

we are of the opinion that the statute, although its language is very broad, has no application to a case of this character. And we briefly state our reasons :

Kimble, the original vendee, could not, if *he* had made the improvement and remained in possession five years or longer, set up, as *against his vendor*, a claim to be allowed for his improvement. This is clear. Why? Because the lien of the vendor is first and paramount, and there can be no occupying claimant's rights set up against it. The vendee making the improvements gets the benefit of them. They become part of the land. If the vendee pays the purchase-money, land and improvements belong to him. If he does not pay and the property is sold under a decree of foreclosure, he gets the benefit of the improvements. by the increased price the property brings in consequence of the improvements. If the property is sold under a decree to which he is not a party, the decree binds him not, his rights have not been foreclosed, and if not forfeited, he may, notwithstanding the decree, *redeem* the property. And this is his remedy. But his case is not one to which the occupying claimant law applies.

Such would clearly be the law if Kimble had made the improvements. Now, the rights of Myrick and Graves are derivative and can mount no higher than their source, and their source is from Kimble, as the evidence shows, and as the jury, under the instructions, must have found.

See how the appellant's doctrine would operate on Holcomb, the vendor. He obtained a decree for the purchase-money due him. He buys the property with improvements and pays for it including the improvements. Is he bound to refund the value of these improvements in this proceeding? No more than the mortgagee, after foreclosure and purchase by him, would have to allow the mortgagor for improvements made after the mortgage and before the foreclosure sale.

If appellant claims that he has never been foreclosed because not a party, then his remedy, as above suggested, is by a bill to redeem, tender or offer to pay the purchase-money and ask for a deed. In this way complete justice is done. Vendor gets his purchase-money and does not have to allow for improvements he never authorized; vendee, or his assignee, gets the property with his improvements *by paying for it*, by paying simply the original purchase-money with interest.

The instructions quoted are sufficiently favorable to the appellant.

Meeting and deciding, as we have, the vital question in the case, it becomes unnecessary to notice other minor points made by the appellant. These, however, have been examined, and no errors discovered which would require a reversal of the judgment.

Affirmed.