KEAS *et al.* v. BURNS *et al.*

Occupying claimant: POSSESSION MUST BE ADVERSE. To establish a right to pay for improvements under our occupying claimant law, it is essential that the possession under and during which the improvements are made, shall be adverse to the holder of the paramount title.

*Appeal from Dubuque District Court.*

WEDNESDAY, JULY 31.

THIS is a controversy between the same parties, and growing out of the same subject-matter (though with parties inverted and in another phase), as reported in 21 Iowa. While that case was pending in this court, or rather after it was decided in the court below, this case, to recover pay for improvements under the occupying claimant law, was brought, tried and determined in the District Court. The plaintiffs claim under Edward Keas; the defendants under Margaret Keas.

The District Court found the facts, in substance as follows: Margaret owned the lot when she and Edward intermarried; afterward Edward built the house — a brick — worth twelve hundred dollars, with the understanding between them that he should be the owner of the house, and she the owner of the lot; they lived together on the property as their homestead for several years, and till her death, and he occupied it as such till his death, shortly afterward; that during their occupancy of the property, he paid the taxes, and no offer to repay them to him has ever been made; Edward also insured the house for his own benefit, and it being damaged by fire, he received the insurance money and repaired it; he "never claimed to own the lot either by contract or other-

wise, but claimed to be and was the owner of the house'
built, by the understanding with his wife."

Upon this finding of facts, of which neither party com-
plains, the District Court held that whatever might be
the rights of the plaintiffs in equity, they have not
established their right to recover under our occupying
claimant law, and rendered judgment dismissing plaintiffs'
petition.     The plaintiffs appeal.     •

*John Doud, Monroe & Derry*, and *W. G. Hammond*
for the appellants.

*B. W. Poor* for the appellees.

COLE, J. — The District Court held correctly, and the
judgment must be affirmed.     The holding of the plaint-
iffs' ancestor, Edward Keas, under whom
they claim, was not *adverse* to, but was con-
sistent with, and recognizing the title of, his
wife, Margaret Keas, under whom defendants claim.
To establish, a right to pay for improvements under
our occupying claimant law, it is essential that the pos-
session under and during which the improvements are
made, shall be adverse to the holder of the paramount
title.  Rev. §§ 2264–2276; *Wiltse* v. *Hurley et al.*, 11
Iowa, 473; *Parsons* v. *Moses*, 16 Id. 440; *Jones* v.
*Graves*, 21 Id. 474.

*[margin note: OCCUPYING CLAIMANT: possession must be adverse.]*

But, since the plaintiffs may have rights in equity
under the contract between their ancestor and his wife,
Margaret, or otherwise (see *Livingston* v. *Livingston*, 2
Johns. Ch. 537), their petition in this case, which is
strictly under the occupying claimant law and no more,
will be dismissed without prejudice to their rights in a
court of equity.     With this express modification the
judgment of the District Court will be

Affirmed.