HYPPOLYTE A. SEIGNEURET *v.* WILLIAM FAHEY.

July 27, 1880.

Occupying Claimants—Color of Title—Possession presumed to have been taken Peaceably—Good Faith in Taking Possession.—Construction of and application to this case of certain provisions of Laws 1873, *c.* 55, (Gen. St. 1878, *c.* 75, §§ 15-24,) commonly called the "Occupying Claimants' Law." A person is properly said to have color of title to lands, when he has an apparent (though not real) title to the same, founded upon a deed which purports to convey the same to him. In the absence of evidence to the contrary, a taking possession of land is presumably peaceable. Taking possession of land in good faith is taking possession in a belief that such taking is rightful.

Same—Evidence of Good Faith—Of Payment of Taxes.—The fact of such good faith may be proved directly by the testimony of the party whose good faith is to be shown. The question of good faith is one of fact, and for a jury. Upon the simple issue as to whether a party has paid taxes upon land, the receipts of the proper county treasurer are competent *prima facie* evidence of such payment.

Appeal by plaintiff from an order of the district court for Sibley county, *Macdonald*, J., presiding, refusing a new trial.

*S. & O. Kipp*, for appellant.

The tax deed, being void upon its face, and not regular, is evidence to everybody of the want of power in the officer to sell, and is a mere nullity, gives no color of title, and is not admissible in evidence for any purpose. *Madland* v. *Benland*, 24 Minn. 372; *Cogel* v. *Raph*, 24 Minn. 195; *Shillock* v. *Gilbert*, 23 Minn. 386; *Robson* v. *Osborn*, 13 Texas, 298, 307; *Waterson* v. *Devoe*, 18 Kans. 223; *Powell's Lessee* v. *Harman*, 2 Pet. 241; *Denn* v. *Turner*, 9 Wheat. 668.

The tax deed and quitclaim deed from Bertrang gave defendant no color of title in fee. Title in fee means the whole title. Gen. St. 1866, p. 699; Bingham on Real Estate, 190. The tax deed, being void on its face, conveyed no right, title or interest in the land to Bertrang, and his grantee, though an innocent purchaser, has no color of title. *U. S.* v. *Sempeyrac*, 1 Hempst. 118; S. C. 7 Pet. 222; *Oakley* v. *Ballard*, 1 Hempst. 475; *Polk's Lessees* v. *Wendall*, 5 Wheat. 293, 308; *Boone* v. *Chiles*, 10 Pet. 177; *Vattier* v. *Hinde*, 7 Pet. 271; *Gibson* v. *Winslow*, 46 Pa. St. 380; *Sapp* v. *Brown Co.*, 20 Kans. 243; *Sapp* v. *Morrill*, 8 Kans. 677. The grantee of the purchaser at an illegal tax sale, without notice of the illegality in the sale, stands in the shoes of his grantor, has not color of title, and is not entitled to compensation for his improvements. *McKee* v. *Lamberton*, 2 Watts & Serg. 107; *Hockenbury* v. *Snyder*, Id. 240; *Cranmer* v. *Hall*, 4 Watts & Serg. 36; *Miller* v. *Keene*, 5 Watts, 348; *Lambertson* v. *Hogan*, 2 Pa. St. 22.

*O'Brien & Eller*, for respondent.

BERRY, J. This is an action in the nature of ejectment. The plaintiff is found to be the owner in fee of the land in controversy. The links in defendant's chain of title are—*First,* a tax deed running to one Bertrang; and, *second,* a deed from Bertrang to defendant. The tax deed was irregular and void upon its face. The deed from Bertrang was founded upon the consideration of $400, expressed therein, and in fact paid by defendant. It purported to convey the land, the words of conveyance being "grant, bargain, sell, release, and quitclaim." The defendant went into possession of the land on receiving and under the deed from Bertrang, and made improvements thereon. He claims that he is within the protection of Laws 1873, *c.* 55. Gen. St. 1878, *c.* 75, §§ 15-24.

Section 15 provides that "where any person, under color of title in fee and in good faith, has peacefully taken possession of any land for which he has given a valuable consideration, or when any person has taken possession of any land under the official deed of any person or officer empowered by law or by any court of competent jurisdiction to sell land, and such person has no actual notice of any defects invalidating such deed, and such deed is regular upon its face, neither such person nor his heirs, representatives, or assigns, shall be ejected from such land, except as hereinafter provided, until compensation is tendered him, or them, for all the improvements which he or they may have made upon said land previous to actual notice of the claim upon which the action is founded; or, in case of possession under an official deed, previous to actual notice of defects invalidating the same."

It is sufficient for the purposes of this case to state that a person is properly said to have color of title to lands when he has an apparent though not real title to the same, founded upon a deed which purports to convey them to him. 3 Washb. Real Prop. 510; Angell on Limitations, 407, note; 3 Wait's

Act. & Def. 17–18; *Hodges* v. *Eddy*, 38 Vt. 327; *Brooks* v. *Bruyn*, 35 Ill. 392; *Russell* v. *Erwin*, 38 Ala. 44; *Edgerton* v. *Bird*, 6 Wis. 527. As no person is presumed to be a wrong-doer and trespasser, a taking possession of land is presumably peaceable, in the absence of evidence to the contrary. By taking possession in good faith is meant taking possession in a belief that such taking is rightful; and upon the rule laid down in *Berkey* v. *Judd*, 22 Minn. 287, and *Garrett* v. *Mannheimer*, 24 Minn. 193, the fact of good faith may be proved directly by the testimony of the party whose good faith is to be shown. The question of good faith is one of fact, and for a jury. From an application of these views to the case, it follows that the jury were properly instructed by the court below that the deed from Bertrang, under which defendant went into possession, gave him color of title—meaning, of course, in this case, color of title in fee. As we have before seen, his taking of possession was presumably peaceable, and there was abundant evidence to warrant the verdict of the jury that the entry was in good faith. There was positive testimony going to show that, at the time when defendant received the deed from Bertrang, paid the consideration, and entered into possession, he had no actual knowledge or notice of the contents or character of the tax deed, or of its invalidity or irregularity.

The jury having found that the defendant took possession in good faith, he is, upon that and other facts above stated, clearly brought within the act of 1873, and is entitled to the value of the improvements made by him previous to actual notice of the plaintiff's claim to the land. In this case, as it does not appear that he had any such notice before the commencement of the action, he is entitled to the value of the improvements made before that time. This is what the jury have allowed him, as the verdict shows. They did not allow him for the barn built after this suit was commenced, for the verdict is confined to the value of the improvements "as stated in the answer." This, of course, could not include the barn,

which was built some months after the answer was made. We perceive no reason why it was not proper to show the value of the improvements by showing what it was worth to make them.

Upon the simple issue as to whether defendant has *paid* taxes upon the land, the tax receipts of the county treasurer were certainly competent *prima facie* evidence of such payment. Cooley on Taxation, 323, and cases cited.

This disposes of all of the positions of the plaintiff's counsel which require special comment, and the result is that the order refusing to vacate the verdict and denying a new trial is affirmed.