### SARAH M. McLELLAN *vs.* LEWIS OMODT and another.

### June 18, 1887.

**Occupying Claimant—Color of Title—Improvements.**—To entitle the defendant in an ejectment suit to be allowed for improvements under either section 13 or section 15, chapter 75, Gen. St. 1878, the improvements must have been made by him, or those under whom he claims, *while holding* under color of title.

**Same—Tax Sale Certificate—Redemption Period.**—A certificate of sale at tax-judgment sale, issued pursuant to Gen. St. 1878, *c.* 11, § 84, neither passes the title to the holder, nor gives him the right to the possession, until the time for redemption has expired. Hence, if the holder of such certificate enters and makes improvements on the premises before the expiration of the time for redemption, he is not holding under color of title.

Ejectment. Appeal by plaintiff from an order of the district court for Houston county, *Farmer*, J., presiding, overruling a demurrer to a counterclaim set up in the answer.

*P. J. & H. E. Smalley*, for appellant.

*W. H. Harries*, for respondents.

MITCHELL, J. This was an action to recover possession of real property, and damages for withholding it. The answer attempted to set up a claim for improvements under what is known as the "Occupying Claimants' Act," being Gen. St. 1878, *c.* 75, § 15. Upon demurrer to the answer, the court below doubted whether defendants

made out a case under this section, but thought they had alleged enough to bring themselves under the provisions of section 13 of the same chapter, which provides that when permanent improvements have been made by a defendant, or those under whom he claims, holding *under color of title* adversely to the claim of the plaintiff, *in good faith,* the value thereof shall be allowed against the damages of the plaintiff for the use of the property.

It would seem, from the language of section 15, that, in order to bring a party under the provisions of the occupying claimants' law, the *entry* as well as the improvements must have been made under color of title in fee. But, however that may be, it is clear that to entitle the occupant to any relief, either under section 13 or section 15, it must appear that the improvements were made in good faith *while holding* under color of title. If made without color of title, the fact that the occupant afterwards acquired color of title would not be sufficient. *Carpentier* v. *Small,* 35 Cal. 346. The object of both sections is to protect those who make improvements under the honest belief that they have good title. Now, "color of title" is that which in appearance is title, but which in reality is no title. It is that which is apparently good title, but which, by reason of some defect not appearing on its face, does not in fact amount to title. *Seigneuret* v. *Fahey,* 27 Minn. 60, (6 N. W. Rep. 403.) A person in possession under an instrument which, upon its face, does not appear to give him any title or right of possession, cannot be said to be holding under color of title. *O'Mulcahy* v. *Florer,* 27 Minn. 449, (8 N. W. Rep. 166.)

The only allegations of the answer as to defendants' claim of title are that on the 16th of September, 1878, they received from the county auditor of Houston county *two certificates of conveyance, made pursuant to the general tax law,*—one thereof conveying to them one part, and the other conveying to them the other part, of the premises in question; that on the 20th of September, 1881, they received from said auditor *another certificate* conveying to them a part of the premises; that the amount of consideration in the *two delinquent tax certificates for 1878* was $9.95, the consideration *in certificate dated September 20, 1881, being the amount of delinquent taxes then due,*

$20; that, pursuant to said certificates, these defendants went into possession of said lands at the time alleged in the complaint, (September, 1878;) that since they took possession they made the improvements referred to.

Taking all these allegations together, the most favorable construction for defendants which we can place upon them is that these "certificate conveyances" were certificates of sale at regular tax-judgment sales, issued pursuant to Gen. St. 1878, c. 11, § 84. Under section 85 of the same chapter these are evidence of title only after the time for redemption has expired, which was at least two years from the date of sale, and until service of the notice required by section 121. *Gaston* v. *Merriam,* 33 Minn. 271, (22 N. W. Rep. 614.) Until this period for redemption has expired, such certificates neither convey title nor give the holder any right to the possession of the premises; consequently, if the holder should enter and make improvements before the expiration of the time for redemption, he would not be holding either under "color of title" or under an official deed, and would not be within the provisions of either section 13 or section 15. It does not appear from the answer when these improvements were made, except that they were made after the defendants entered in 1878. But they had no color of title at that time, and could not possibly have acquired any under these certificates before September, 1880. Hence it does not appear that these improvements were made while defendants were holding under color of title, and consequently they do not bring themselves within the terms of either section. Hence the demurrer to the answer should have been sustained.

Order reversed.