## SNELL v. MECHAN.

**Occupying Claimant: WHO IS NOT: RECOVERY FOR IMPROVEMENTS.** One who makes permanent improvements upon land, knowing at the time that he is not the owner, but only with the expectation of subsequently acquiring title, cannot recover their value of the owner under the occupying-claimant law. Such improvements become the property of the owner of the land, and his title is not divested by the fact that the occupant subsequently acquires color of title. (See opinion for citations.)

*Appeal from Webster District Court.*—HON. JOHN L. STEVENS, Judge.

Snell v. Mechan.

FILED, MAY 13, 1890.

THE defendant seeks to recover the value of improvements made upon the land of plaintiff. There was a trial by jury, which resulted in special findings, and judgment in favor of defendant. The plaintiff appeals.

*Theo. Hawley*, for appellant.

*Healy & Healy*, for appellee.

ROBINSON, J.—This action was commenced by plaintiff to recover a certain tract of land which had been occupied by defendant for more than five years. The plaintiff having been found to be the rightful owner of the land, defendant filed his petition, as provided by the statute relating to occupying claimants, to recover the value of improvements he had made upon the land.

I. The defendant alleges in his petition that he entered upon the land in question in good faith, with the *bona-fide* intent to settle upon and cultivate the same permanently; that his possession, so taken, was open, continuous and adverse to plaintiff, and those under whom he claims. Prior to his occupation, the land was unimproved prairie. The defendant, as a witness, stated, in answer to a question, that he made a claim to the premises at or about the time he took possession of them. He was then asked to state what that claim was, and answered: "Well, I went on that land at certain times, and I thought the government was going to do something with it, and I went on with the belief that I would buy that land from the government." There was no other proof of right or color or claim of title in defendant when he took possession of the land. The only color of title he shows is that acquired by occupying the land from the spring of 1882 for more than five years prior to the commencement of plaintiff's action. See Code, sec. 1983. Defendant offered evidence

as to the value of improvements made by him before he had acquired color of title by occupation. It was admitted, over the objections of plaintiff, who now complains of the rulings of the court in admitting it. The question presented for our determination is, whether an occupying claimant can recover for improvements made before he had color of title, if he remained in possession of the land long enough to acquire color of title.

The statute in regard to occupying claimants permits recovery for improvements, "when an occupant of land has color of title thereto, and in good faith has made any valuable improvements thereon, and is afterwards, in a proper action, found not to be the rightful owner thereof." Code, sec. 1976. The improvements for which an occupying claimant may recover must have been made under a possession adverse to the holder of the paramount title." *Keas v. Burns*, 23 Iowa, 235; *Jones v. Graves*, 21 Iowa, 474. The improvements must have been made "in good faith." A mere trespasser, who makes no claim of right or title, and merely hopes some day to buy the land, cannot burden it with charges for improvements. He does not act in good faith, for that requires that the improvements be made under the belief that the claimant has such a right to or interest in the land as authorizes him to make them, and reasonable grounds for such a belief must exist. It is possible that the good faith required by the statute may exist when the improvements are made, and that color of title subsequently acquired will authorize a recovery for them. But this is not a case of that kind, and the question suggested is not decided.

The defendant made the improvements in controversy knowing at the time that he was not the owner of the land, and that he was a mere trespasser. Permanent improvements, made under such circumstances, become the property of the owner of the land. *Lunquest v. Ten Eyck*, 40 Iowa, 214; *Parsons v. Moses*, 16 Iowa, 444. It follows that the title thus acquired by the owner would not be divested by the subsequent

acquiring of color of title by the occupant. Our conclusion is that the evidence in question was improperly admitted. The views we have expressed find support in the following authorities: *Read v. Howe*, 49 Iowa, 65; *Craton v. Wright*, 16 Iowa, 134; *McLellan v. Omodt*, 37 Minn. 157; 33 N. W. Rep. 326. See, also, *Carpentier v. Small*, 35 Cal. 355.

II.   Other questions are discussed by counsel, but we need not determine them, for the reason that they are not likely to be raised on another trial. The judgment of the district court is                    REVERSED.