ELIZABETH PFEFFERLE and Husband v. CHRISTIAN WIELAND and Others.[1]

February 25, 1895.

No. 9049.

Taxation—Occupying Claimant—Lien for Taxes Paid.

> A person who pays taxes upon land prior to the time when he becomes an occupant thereof under the occupying claimant's law is not entitled to a lien therefor upon such land by reason of his subsequent bona fide occupation of the premises under color of title.

A former appeal in this case is reported in 55 Minn. 202, 56 N. W. 824. After the decision of that appeal, amended findings were filed in the district court of Brown county, Webber, J., that plaintiff was the owner in fee simple of both parcels of land occupied by defendant, subject to a lien upon one parcel of $14.42, for taxes thereon paid by the intervenor Henry Mueller, and subject to a lien upon the other parcel of $182.98, for taxes thereon paid by the intervenor Martin Mueller; that upon payment into court of said sums, with interest, plaintiff was entitled to recover possession of the land. From a judgment entered pursuant to these findings, defendant and the intervenors appeal. Affirmed.

[1] Reported in 62 N. W. 396.

*Jos. A. Eckstein, A. A. Stone,* and *Alvah R. Hunt,* for appellants.
*Lind & Hagberg,* for respondents.

BUCK, J. The only question involved in this appeal is this: Is a person holding vacant and unoccupied land for a number of years under a tax title, and who in good faith, and before actual entry upon and occupancy of the land, paid the taxes that were duly levied and assessed thereon from year to year, entitled to a lien, under the occupying claimant's act, for the taxes so paid, as against the owner of the paramount title, in an action of ejectment brought by him against the holder of the tax title after the latter went into peaceful possession of the premises? We are of the opinion that this question must be answered in the negative. G. S. 1894, § 5850, provides that, "in any action to try the title to land, the occupant may, in addition to his other defenses, allege the amount and value of all improvements made by himself or those under whom he claims, and also the amount of all taxes and assessments paid upon such land by himself or those under whom he claims." An examination of the provisions of the occupying claimant's law leads to the conclusion that it is not merely the taxpayer who is to be protected, but the bona fide occupant. Paying taxes alone gives none of the benefits of the occupying claimant's law, nor was it designed for any such purpose. Investing money in tax titles is an entirely different business from occupying, taking possession of, and improving real estate. When a bona fide occupant of land pays taxes thereon to protect his occupancy or title, the law justifies him in so doing, because it expressly gives him the right of recovering the same back in case he is ejected from the land by paramount title; but this recovery is permitted, not because he is a tax-title investor, nor because he has simply paid the taxes, but because he paid them while a bona fide occupant of the land upon which the taxes had been assessed and levied. In other words, it is a bona fide occupant who pays taxes while he is such occupant that is protected, and not a mere speculative tax-title investor; and while the latter may, after such investment, become a bona fide occupant of the same land upon which he has paid taxes, such occupancy will not relate back to his prior payment of taxes, and confer upon him the right to their repayment as a lien upon the land by virtue of his subsequent occupancy. We per-

ceive no difference in principle in cases of this kind from one where a party is claiming compensation for improvements made upon the premises.   In Wheeler v. Merriam, 30 Minn. 372, 15 N. W. 665, it was held that the words of the statute refer to the time of making the improvements, and mean that, at the time of making them, he must be in possession under color of title in fee, and be without notice of the claim under which the plaintiff in the action against him seeks to recover.   See McLellan v. Omodt, 37 Minn. 157, 33 N. W. 326.   It must therefore appear that the taxes were paid in good faith, while the occupant was holding under color of title.

The facts appear otherwise in this case, and the judgment is therefore affirmed.