BOARD OF TRUSTEES OF RIPON COLLEGE v. CHARLES W. BROWN.[1]

November 9, 1896.

Nos. 10,088—(38).

Ordering Verdict—Appeal—Bill of Exceptions.
> Where the trial court orders a verdict in view of and based upon the entire evidence, or the evidence on some particular issue, the whole of such evidence must be incorporated in a settled case or bill of exceptions, if a review of the order is sought in this court.

Same—Judge's Certificate—Construction—Entire Evidence.
> Appellate courts will give to a bill of exceptions or a settled case, including the judge's certificate thereto, a reasonably liberal construction, but they will not, by construction, supply material defects therein; hence,

[1] Reported in 68 N. W. 837.

where it is necessary to have the entire evidence, or the evidence on a particular issue, included in the record, it must clearly and affirmatively appear from the face of the bill or case that such is the fact. *Held*, that the bill of exceptions in this case does not comply with this rule, and that the question of the correctness of the trial court's direction to the jury to return a verdict for the plaintiff cannot be reviewed.

### Deed—Assumption of Mortgage—Construction—Parol Evidence.

*Held*, that the trial court did not err in receiving parol evidence in aid of the construction of the defendant's alleged contract, contained in the deed to him, to pay the plaintiff's mortgage, or in not submitting the question of such construction to the jury.

### Payment of Taxes—Evidence—Receipt.

Upon the simple issue as to whether a party has paid taxes upon land, the receipt of the county treasurer is prima facie evidence of such payment.

Appeal by defendant from a judgment of the district court for Hennepin county, in favor of plaintiff for $1,538.20, after trial before Smith, J., and a jury. Affirmed.

*F. B. Hart* and *S. R. Child*, for appellant.

*C. C. Joslyn*, for respondent.

START, C. J. On October 22, 1887, F. Belle Hobart was the owner of certain lots in the city of Minneapolis, and on that day executed a mortgage dated on that day to the plaintiff to secure the payment of the sum of $1,500, due in five years. On November 12, 1887, she placed a second mortgage on the lots to secure the payment of $500, and shortly thereafter conveyed the lots to defendant by warranty deed, which contained the assumption clause hereinafter set out. The plaintiff foreclosed its mortgage, and this action is brought, upon the defendant's agreement in the deed, to recover the balance of the mortgage debt remaining unpaid after such foreclosure. The defense was a denial that the defendant ever promised to pay the plaintiff's mortgage; that the plaintiff extended the time of payment of the mortgage without the knowledge or consent of the defendant, knowing that he was a surety only for its payment; and fraud in the foreclosure of the mortgage, whereby the plaintiff was enabled to and did purchase the lots at the foreclosure sale for $500, although they were then worth a sum exceeding the entire amount due on the mortgage. At the close of the evidence the trial court instructed the jury to return a verdict for the plaintiff, which was

done.    A motion for a new trial was made and denied, judgment entered, and the defendant appealed from the judgment.

The defendant's important assignment of error, upon which rest many of his minor assignments, is that the court erred in directing a verdict for the plaintiff.    The plaintiff insists that the record on this appeal does not purport to contain all the evidence upon all or any one of the issues of fact tendered by the answer and litigated at the time, and that therefore this court cannot review the question whether the evidence was sufficient on any point to require the cause to be submitted to the jury.

Where the trial court orders a verdict in view of and based upon the entire evidence, or the evidence on some particular issue, the whole of such evidence must be incorporated in the settled case or bill of exceptions, if a review of the order or instruction is sought in this court.    The reason and necessity of this rule are obvious. It is true, as claimed by the defendant, that the cases in which the rule has been applied were generally appeals from orders denying or granting motions for a new trial where the question was as to the sufficiency of the evidence to sustain the verdict.    But such cases do not differ in principle from those where it is sought to review the court's order directing the jury to return a verdict for one or the other of the parties, because in both cases the action of the court is had in view of, and is based upon, the entire evidence given on the trial of the issue.

Suppose, in this case, the defendant had moved the court for an order directing the jury to return a verdict in his favor, and it was denied, and he wished to review here the ruling, manifestly it would be necessary for him to bring up all the evidence upon which the court's decision was based, because error will not be presumed and a consideration of the whole evidence upon which the trial court acted is necessary in order to determine whether or not it erred.    So, too, and for the same reason, it is necessary to have before us all the evidence in this case or upon some particular issue of fact, if the action of the court in granting plaintiff's motion for a direction to the jury is to be reviewed.    Therefore, if it be true that all the evidence given on the trial upon at least one of the issues of fact litigated is not before us, we cannot review the action of the court in giving the instruction complained of.

This brings us to the question whether it affirmatively appears from the bill of exceptions that it contains all the evidence on any one of the issues of fact litigated. It is clear that the bill does not purport to contain the entire evidence on any issue, unless it be the issue as to the fraud of the plaintiff in foreclosing its mortgage. Appellate courts will give a bill of exceptions or settled case, including the trial judge's certificate thereto, a reasonably liberal construction, but they will not, by construction, supply omissions, or remedy material defects therein. Therefore, where it is necessary to have the entire evidence in the record, it must clearly and affirmatively appear from the face of the bill of exceptions or settled case, or the trial judge's certificate, that such is the fact. This rule is not simply a technical one, which may be relaxed at the pleasure of the court, for its object is to secure certainty and to prevent disputes and a waste of the time of the court. It is no hardship to require parties to comply with the rule, and to have their records in form and substance correct and properly certified. The rule that, where a determination of the appeal depends on an issue of fact, the bill of exceptions or settled case must show affirmatively that the evidence relating to the issue is incorporated therein has been uniformly and with some strictness enforced in this court. If the bill or case contains no statement to the effect that all the evidence is incorporated therein, and the trial judge does not so certify, the record is not sufficient to permit a review of any order or instruction made or given in view of and based upon the entire evidence given in the action, or on some one issue therein. Brackett v. Cunning-ham, 44 Minn. 498, 47 N. W. 157.

Tested by this rule, the bill of exceptions here in question is insufficient to present for review the correctness of the trial court's order to the jury to return a verdict for the plaintiff. It is recited in the caption of the bill that, "among other proceedings had and occurring upon the trial, were the following," and its conclusion is in these words:

"Comes now the defendant in the above-entitled cause, and presents the foregoing as a bill of exceptions therein, and asks that the same be certified as a true and correct statement of matters and things occurring at the trial of said cause, in so far as the same are therein set forth, and as containing all the evidence offered or received upon the trial of said action touching the alleged fraud upon the part of plain-

tiff in foreclosure of said mortgage as alleged in defendant's answer. Said bill of exceptions having been by the undersigned duly examined and found conformable to the truth, the same is hereby certified as bill of exceptions in said cause, and made a part of the record therein. Ordered accordingly. February 19th, 1896. By the Court. Seagrave Smith, Judge."

In construing this certificate of the trial judge, it is proper to keep in mind the distinction between a bill of exceptions and a settled case. The former is a statement of the exceptions taken on the trial to the rulings of the court, with so much of the evidence only as is necessary to explain the ruling. As a rule, it does not contain all of the evidence. But a settled case is a complete record of the trial, and must contain the entire evidence. Now, in this bill of exceptions, there is no statement that it contains all the evidence on any issue. It is simply recited in the conclusion that the defendant presents it to the trial judge as a bill of exceptions and asks to have it certified as true as to all matters therein set forth and, further, as containing all the evidence on the issue of fraud.

The trial judge was asked to certify two things: (a) that the document was true as to all matters therein set forth, (b) that it contained all the evidence on the issue of fraud. He grants the former request, and by necessary implication refuses the latter. After examining the proposed bill of exceptions, and finding it conformable to the truth, he certifies it as a true bill of exceptions, and makes it a part of the record, but he declines to go further and certify that it also contains all of the evidence on the issue of fraud. This omission is not elsewhere supplied in the bill. Such being the case, it does not appear affirmatively or otherwise from the bill of exceptions or the certificate thereto that all the evidence on the issue of fraud is in the record before us. This defect cannot be remedied by construction without disregarding a settled and wholesome rule of law and encouraging laxity in the preparation of records for this court. Therefore the question whether the evidence on the issue of fraud was sufficient to require its submission to the jury cannot be considered on this appeal.

Of the other assignments of error discussed in the defendant's brief there remain but two which it is necessary to consider. The first is to the effect that the trial court erred in receiving parol evidence

of the actual consideration of the deed containing the defendant's alleged promise to pay the plaintiff's mortgage. The assumption clause in the deed was in these words:

"This conveyance is made subject to two mortgages, one of $1,500, due in five years from Oct. 22nd, 1887, and one of $500, due in one year from November 12th, 1887, which said second party agrees to assume and pay as part of the purchase of said lots."

It was the contention of the plaintiff on the trial that the word "which," in the last clause of the language quoted, refers back to the previous words "two mortgages" and that the intervening language is simply a description of the two mortgages which the defendant was to pay. The claim of the defendant was that the proper construction of the deed was that it did not provide for the payment by the defendant of the $1,500 mortgage, but only of the $500 mortgage. Thereupon the court received parol evidence as to the actual consideration of the deed, for the sole purpose of assisting the court in construing the deed. This was correct, for it was far from clear or certain that the promise to pay in the deed referred only to the $500 mortgage. On the contrary, it seems quite clear, on the face of the language used, that the promise referred to both mortgages. If the latter was the case, then the parol evidence in no manner injured the defendant, and, if it was not competent, the error was a harmless one; but, if the language used presented a patent ambiguity as to its meaning, the evidence was competent. It was within the rule that if the meaning of a writing, by itself, is affected with uncertainty, the intention of the parties may be ascertained by extrinsic evidence, parol or otherwise, and such intention so ascertained will be taken as the meaning of the parties expressed in the instrument, if it be a meaning which may be distinctly derived from a fair and rational interpretation of the words actually used. Baldwin v. Winslow, 2 Minn. 174 (213); Case v. Young, 3 Minn. 140 (209); Kelly v. Bronson, 26 Minn. 359, 4 N. W. 607.

The trial court did not err in not leaving the meaning of the assumption clause to the jury, because there was no contradiction of the oral evidence, and only one inference which could be reasonably drawn therefrom, and but one meaning which could be legally given to the defendant's contract, when read in connection with the parol evidence.

The other alleged error is that the court erred in receiving in evidence the tax receipts.    While it is true that a receipt given by a third party is not evidence of the fact of payment against one who is a stranger to the transaction, yet, as stated in the case of Ferris v. Boxell, 34 Minn. 262, 25 N. W. 592, the rule has no application to cases where the person to whom the payment is made is pointed out by law, as in the case of the payment of taxes to a public officer. Therefore, upon the simple issue as to whether a party has paid taxes upon land, the receipts of the proper county treasurer are competent prima facie evidence of such payment.    Seigneuret v. Fahey, 27 Minn. 60, 6 N. W. 403.

Judgment affirmed.