JOHN KLEIN and Others v. WILHELMINA FUNK.[1]

December 14, 1900.

Nos. 12,361—(123).

**Promissory Note.**

This is an action on the defendant's promissory note transferred to the plaintiffs by authority of the board of directors of a corporation of which they were members to indemnify them for signing its bond as sureties, in which it is *held*:

**Consideration.**

1. That it was competent for the plaintiffs to show that they signed the bond in consideration of the transfer of the note to them as indemnity, although the facts as to the transaction were not alleged in the complaint.

**Avoidance of Transfer.**

2. That the defendant was not entitled to raise the question whether such transfer was voidable as to the corporation or its creditors, or whether the plaintiffs held the legal title to the note in trust for others.

**Ownership.**

3. That upon the undisputed evidence it was correctly held by the trial court that the plaintiffs were the legal owners of the note, and entitled to maintain this action thereon, although they have not paid anything upon the bond.

**Amendment of Reply.**

4. That the trial court did not err in allowing the plaintiffs to amend their reply.

**Directing Verdict—Review on Appeal.**

5. Where, as in this case, the trial court orders a verdict based upon the entire evidence, the whole of such evidence must be incorporated in a

[1] Reported in 84 N. W. 460.

settled case, or this court will not review the order.   Following Board of
Trustees of Ripon College v. Brown, 66 Minn. 179.

Action in the district court for Ramsey county on a promissory
note.   The case was tried before Kelly, J., who directed a verdict in
favor of plaintiffs.   From an order denying a motion for a new
trial, defendant appealed.   Affirmed.

*Warren Hewitt Mead*, for appellant.

*O. E. Holman*, for respondents.

START, C. J.

This is an action upon a $3,000 promissory note dated June 30,
1899, payable six months after date, to the order of the Germania
Bank, and executed by the defendant.   The complaint alleged that
before the maturity of the note it was duly indorsed, transferred,
and delivered to the plaintiffs for a valuable consideration.   The
answer denied that the note was ever indorsed or delivered to the
plaintiffs, or owned by them, and alleged that the defendant was
induced to execute the note by reason of certain false and fraudu-
lent representations made to her on behalf of the bank.   The reply
put in issue the new matter alleged in the answer.

When the plaintiffs rested, the defendant moved the court to dis-
miss the action upon the ground that plaintiffs' only remedy was in
equity, and not at law; and that the plaintiffs were not the owners
of the note, and it was never legally transferred to them.   The trial
court denied the motion, and the defendant excepted to the ruling.
The defendant then offered evidence tending to prove the allegations
of the answer, and rested.   Subsequently, during the progress of
the trial, she moved the court for permission to reopen her defense
and introduce further evidence.   Thereupon counsel for plaintiffs
opposed the motion, and moved the court for permission to amend
the reply to conform to the evidence already before the court, and
suggested that he would present a formal draft of the proposed
amendment.   The court granted the defendant's motion, and stated
that a liberal view would be taken as to the plaintiffs' motion when
the proposed reply was presented.   The defendant then called other
witnesses in her behalf, and introduced further evidence tending

to prove the allegations of her answer, and then again rested her case. The plaintiffs then presented the proposed amended reply, which the trial court allowed, and the defendant excepted. The plaintiffs then offered further evidence tending to prove the allegations of the amended reply, and both parties rested. Whereupon the court, at the request of the plaintiffs, the defendant excepting, ordered a verdict for the plaintiffs for the amount of the note.

The defendant then caused a bill of exceptions to be settled and signed, which contains, as certified by the trial judge, all the evidence received on the trial up to the time when plaintiffs rested their case in chief, and the defendant moved to dismiss the action, but none of the evidence thereafter received. The defendant moved the court upon four separate grounds for a new trial, and appealed from an order denying the motion.

The defendant urges that the trial court erred in denying her motion to dismiss the action when the plaintiffs rested their case in chief, for the reason that the evidence did not show that the plaintiffs were the owners of the note. The record contains all of the evidence before the court at the time the motion was made and denied, and the ruling excepted to, and none other. But we cannot infer on this appeal that any other evidence was introduced to obviate the exception. G. S. 1894, § 5399. We have examined the evidence, and reached the conclusion that it conclusively shows as a matter of law that the legal title to the note was in the plaintiffs, and that as against the defendant they had the legal right to prosecute the action in their own names. The question is whether they had the legal title to the note, and not necessarily whether, as against the bank or its creditors, they were entitled to retain the proceeds of the note for their own benefit or otherwise.

The uncontradicted evidence establishes these facts: The payee of the note, the Germania Bank, desiring to receive by way of deposits money belonging to the city of St. Paul, executed a depositary's bond in the sum of $100,000 to the city, as required by law, and procured the plaintiffs, with others, to sign the bond as sureties upon an agreement that the bank should indemnify and secure them for so doing. Thereupon the president and cashier of the bank were authorized by its board of directors, of which the plaintiffs

were members, to transfer and deliver to the plaintiffs such bills receivable of the bank, not exceeding $25,000, as might be agreed upon as security to protect and indemnify them against liability on the bond; and, further, that such bills and security be transferred on such terms and conditions as the president and cashier might deem advisable. Pursuant to such authority, the bank, by its president and cashier, entered into a written agreement with the plaintiffs, whereby a note of $4,000, executed by the defendant to the bank, and of which the note in suit was a renewal, with other bills receivable, was transferred and delivered to the plaintiffs. It was expressly stipulated in this agreement that the plaintiffs should hold and collect the bills receivable, and apply the proceeds to the payment of any sum they might be required to pay on account of the bond signed by them, and, when fully released from liability on account thereof, they were required to transfer to the bank such bills receivable, or any proceeds thereof which they might then hold under the agreement.

The bank failed on July 17, 1899, and a receiver was appointed for it, who has ever since acted as such. When the bank failed, the note in question was in the actual possession of the plaintiffs' agent, and was produced by them on the trial of this action, but it was not indorsed by the payee bank. There was due to the city of St. Paul on the bond, when a receiver was appointed for the bank, the sum of $21,736.13, which had been reduced, at the time of the trial of this action, by payments made thereon by the plaintiffs from the proceeds of bills receivable so transferred and delivered to them, to the sum of $8,986.13. This balance had not been paid at the time of the trial.

The defendant assigns as error the rulings of the trial court in the admission of the evidence by which the facts we have stated were established, and also as to the sufficiency of the facts to support the conclusions that the legal title to the note was in the plaintiffs. It is urged that proof of the action of the board of directors authorizing the officers of the bank to transfer the bills receivable and the agreement executing the authority was incompetent, because such facts were not alleged in the complaint. The complaint alleged the ultimate fact that the note was indorsed,

transferred, and delivered to the plaintiffs. It would have been vicious pleading to have set out the evidence by which the transfer of the note was to be established. The evidence objected to was for the purpose of proving the transfer of the note to the plaintiffs, and was competent, although not set out in the complaint. There were some of the items of the evidence which were incompetent, and it was technical error for the court to receive them; but they were immaterial, and the error harmless, for there was other ample, competent, material, and undisputed evidence to establish the facts.

But it is the contention of the defendant that the action of the board of directors and the agreement executed by the president and cashier thereof to the plaintiffs were void because the latter were directors of the bank, and practically dealing with themselves. The directors of a corporation sustain a fiduciary relation to it, and they are inhibited from purchasing its property for their own benefit. If they do so to the injury of the corporation or its creditors, the transaction is voidable, and equity will set it aside at the suit of the parties injured. Janney v. Minneapolis Exposition, 79 Minn. 488, 82 N. W. 984; Taylor v. Mitchell, 80 Minn. 492, 83 N. W. 418. It is no concern of the defendant whether the transfer of the legal title of the note to the plaintiffs is or is not voidable at the election of the corporation, or its creditors, or its receiver, or whether the plaintiffs hold it in trust for any of them. The only question she is interested in is whether the plaintiffs have the legal title to the note, and the right to collect it. Elmquist v. Markoe, 45 Minn. 305, 47 N. W. 970; Anderson v. Reardon, 46 Minn. 185, 48 N. W. 777; Triggs v. Jones, 46 Minn. 277, 48 N. W. 1113; Haugan v. Sunwall, 60 Minn. 367, 62 N. W. 398.

It is, however, claimed by the defendant that she is a stockholder, and has a right to have the transfer of the note set aside. What her rights would have been had she alleged in her answer that she was a stockholder, and was ready to pay her note to the party entitled to receive the amount due thereon, and alleged other facts showing that it would be inequitable to permit the transaction between the bank and the plaintiffs to stand, and asked the court to have the receiver made a party, and be permitted to pay the amount

into court, we need not discuss, for the reason that the answer contains no such allegations. The defense tendered was that the plaintiffs are not owners of the note, and that she ought not to pay it to any one, because it was obtained from her by false representations.

Again, the defendant invokes the rule that the surety must pay the debt before he can have an action at law against the principal. The rule is correct. Campbell v. Rotering, 42 Minn. 115, 43 N. W. 795. It is, however, not applicable to this case, for the plaintiffs are not suing the principal on its promise of indemnity, but a third party, who is the maker of the note held by them as collateral security, which they are authorized to collect. This, by the very terms of the contract of transfer, they had a right to do. The contract transferred and delivered the bills receivable to the plaintiffs . to hold and collect, and when, and not until, they were released from liability on the bond, they were to retransfer to the bank such bills, or any proceeds thereof. For the same reason the plaintiffs' remedy was not in equity to foreclose their security, as suggested by the defendant.

There are other assignments of error on this branch of the case, all of which have been considered, and found to be without merit. It was not an abuse of discretion for the court to permit the plaintiffs to amend their reply on the trial to correspond with the facts proved.

The last alleged error to be considered is that the court erred in ordering a verdict for the plaintiffs, because the bill of exceptions states that the defendant introduced evidence tending to prove the allegations of her answer; hence the issue of fraud was one for the jury. It is not claimed that the record contains all of the evidence, except only as to the title of the note. It also affirmatively appears that other evidence was given after the defendant had finally rested her case. This brings the case within the rule that, where the trial court orders a verdict in view of and based upon the entire evidence, the whole of such evidence must be incorporated in a settled case if a review of the order is sought in this court. Board of Trustees v. Brown, 66 Minn. 179, 181, 68 N. W. 837; Gardner v. Fidelity

Mut. L. Assn., 67 Minn. 207, 210, 69 N. W. 895. Therefore we cannot consider the alleged error of the court in directing a verdict, or its order denying a new trial.

Order affirmed.