JAMES J. LITTLE *vs.* L. S. LEIGHTON.

May 12, 1891.

**Appeal—Refusal to Vacate Order Denying New Trial.—**An order refusing to set aside and vacate an order denying a new trial is not an appealable order.

**Refusal to Allow Renewal of Motion—Discretion.—***Held*, that upon the facts of this case there was no abuse of discretion in refusing to grant leave to renew a motion for a new trial, which has been previously denied.

Appeal by defendant from the order of the district court for Lac qui Parle county, *Brown*, J., presiding, (acting for the judge of the 12th district,) which is considered in the opinion.

*M. M. Madigan*, for appellant.

*H. L. Hayden*, for respondent.

MITCHELL, J. The practice followed in this case in the district court was so irregular, and the record in this court so confused, that it is a labor of some difficulty to determine just what this appeal is. As nearly as we can gather from the record, the following is the situation: After verdict for the plaintiff, the defendant caused a "case" to be settled containing all the evidence, except the note sued on and the certificate of its protest, and then moved for a new trial, which was denied. He then made a motion to have the settled case amended, which was also denied. He subsequently asked for leave to renew his motion to amend the settled case, which was granted. He then made a motion to amend the settled case, and for leave on such amended case to renew his former motion for a new trial, and that the order denying his former motion for a new trial be vacated, and that the court again determine the motion on the amended case. The court made an order amending the "case," by attaching thereto copies of the note and certificate of protest, (it being claimed that the originals were lost,) but in all other respects denying defendant's motion. The appeal is from this order refusing leave to renew the motion for a new trial, and refusing to vacate

the former order denying a new trial. In so far as the order is one refusing leave to renew a motion previously made and denied, the matter was one addressed to the sound discretion of the court; and we think that the facts disclosed by the record show that, so far from that discretion being abused in this case, it was wisely exercised. In so far as the order was one refusing to set aside and vacate the order denying a new trial, (which was itself appealable,) it was not an appealable order.

Order affirmed.