## NELS KRONBERG v. MARTIN BONDHUS.
## THOMAS B. BONDHUS, APPELLANT.[1]

October 16, 1925.

No. 24,756.

**Verdict sustained that intervener was not owner of property involved in garnishments.**

1. Appellant was allowed to file complaints in intervention asserting ownership of the property involved in the disclosures made by the several garnishees. Plaintiff answered denying the claim. A trial was had wherein a jury determined that the intervener was not the owner. The verdict is *held* amply supported by evidence which tended to prove that the instruments, constituting intervener's sole source of claim to the property, were given by defendant to intervener without consideration and merely to cover up the property from defendant's creditors.

**Hence he cannot question sale of it.**

2. The intervener, not being the owner of the property involved, has no right to question the sale thereof to the several garnishees who were successful bidders therefor at the auction conducted by defendant.

**Misconduct of jury.**

3. No errors appear in the rulings of the court at the trial. Nor was misconduct of the jury shown.

1.  See Fraudulent Conveyances, 27 C. J. p. 821, § 770.
2.  See Garnishment, 28 C. J. p. 372, § 586 (Anno).
3.  See New Trial, 29 Cyc. p. 984.

[1]Reported in 205 N. W. 371.

In the above entitled action in the district court for Douglas county Thomas B. Bondhus filed four complaints in intervention praying that plaintiff take nothing from the respective garnishees. The history of the case is found in the second and third paragraphs of the opinion. From an order, Parsons, J., denying his motion for judgment notwithstanding the verdict or for a new trial, intervener appealed. Affirmed.

*L. L. Larson*, for appellant.

*Ralph S. Thornton*, for respondent.

HOLT, J.

The appeal is by the intervener from an order denying him judgment notwithstanding the verdict or a new trial.

The issues tried arose in a garnishment. In the main action judgment was entered on April 19, 1923, in favor of plaintiff and against defendant for $1,357.14 upon three promissory notes, the largest of which was in the sum of $1,060, given August 14, 1920. It appears that on April 4, 1924, defendant had an auction sale of personal property at which Tom Farrell bid in certain articles for amounts aggregating $231.50, Emil Linnard articles for $187.00, and John Lehn articles for $198.50. The sale was advertised by defendant as owner; the terms of sale cash. An auctioneer conducted the sale and defendant "clerked it." Immediately after the several articles referred to had been struck off to the persons mentioned and before they had paid therefor, a garnishee summons was duly served on each of them in this action. When that occurred they could not pay to defendant and he would not deliver the property sold. Thereafter the garnishees obtained the property on writs of replevin. The garnishees named disclosed. Some time thereafter, upon application, they were permitted to deposit the amounts of their bids in court. Later defendant's brother, Thomas B. Bondhus, was allowed to file his complaints of intervention in which he asserted ownership of the property and demanded that the garnishment be dismissed. Plaintiff answered denying his claims. In the same garnishment, plaintiff also served a garnishee summons upon The

Garfield Shipping Association. This garnishee disclosed the sum of $629.39 in its hands for stock turned over to it for sale by defendant. As to this fund Thomas B. Bondhus, in a complaint in intervention, asserted claim as owner of the stock sold by that garnishee. Plaintiff answered denying this claim.

When the issues thus made between the plaintiff and the intervener came for trial, this one question was submitted to a jury: "Is the above named intervener, Thomas B. Bondhus, the owner of the personal property claimed by him in this action?" The question was answered in the negative, whereupon the court made findings adopting the verdict of the jury and ordered a dismissal of intervener's complaints and directing judgment for plaintiff for the money deposited in court and judgment against the Garfield Shipping Association for the amount it disclosed due for the stock sold. The intervener appeals.

None of the garnishees have appealed, nor has defendant. The controversy is solely between the intervener and plaintiff. The only claim of right upon which intervener may stand is ownership of the property involved. It is plain that if the verdict that he was not the owner is justified by the evidence, he has no right to question the sale to the garnishees and has no interests at all either in the property or the proceeds of the sale thereof.

Prior to March, 1922, defendant was in possession of a farm of 120 acres in Douglas county as vendee in a contract of purchase, and had also thereon a large amount of farm machinery and blooded stock which he owned. On October 31, 1922, he gave and duly filed in the proper office a bill of sale to intervener of nearly all the personal property involved in the garnishment except the grain. In this bill of sale the consideration paid is stated to be $10,000. This instrument is the only claim upon which intervener bases ownership of the property here in question, except the grain sold to one of the garnishees at the auction. As to the grain intervener asserts title as owner of the land upon which the grain grew, and this ownership he bases upon an assignment to him by defendant of the contract of purchase mentioned. The date of this assignment is also October 31, 1922. It, however, appears that defendant had previous-

ly, in March, 1922, assigned this contract to a bank to secure a loan of $3,200.

Within a month after defendant executed this bill of sale and assignment to intervener, the latter gave a power of attorney to defendant authorizing him to operate, mortgage, sell and deal with the farm and all personal property thereon as he deemed best, the only restriction being that he should "keep full and accurate account of the goods now on hand and such as may be hereafter received, and of all sales made." Defendant in his testimony admitted that he did operate the farm and did deal with the crops and personal property thereon subsequent to October 31, 1922, precisely as he had done prior thereto. There was no proof that he kept any account thereof or ever accounted in any shape or form to the intervener. At the date mentioned not a penny was paid, defendant then owed intervener nothing, nor was intervener indebted to him. But he did testify that he received intervener's promissory note of $10,-000, which note was subsequently canceled and returned to intervener. It was not produced at the trial. He states that sometime in 1923 he received $500 from intervener, and later a check of $300 that was not cashed until after this garnishment. The auction was advertised by defendant as owner of the property.

Intervener is a physician and has at all times resided in Chicago. He was not a witness. Intervener's claim rests solely on the bill of sale and assignment referred to and the testimony of defendant. Plaintiff contended that this bill of sale and assignment of a contract already assigned were mere makeshifts to cover up defendant's property from his creditors, that the same were palpably without consideration, and were not evidences of bona fide transactions. Enough has already been stated of the testimony of the only witness for the intervener to show that the jury was amply justified in rendering the verdict accepted by the court as correct. Reaching this conclusion it is wholly unnecessary to consider intervener's attack on the auction sale of the property to the three garnishees, for he cannot have any interest therein, not having any in the property involved or its proceeds.

The rulings during the trial to which objections are urged were so patently proper that we refrain from extending the opinion by noting them.

Misconduct of the jury cannot be predicated upon statements made by a juror as to matters discussed in the jury room while deliberating on the verdict. Dun. Dig. § 7109.

The order is affirmed.