AMANDA BRUCE v. N. COHN AND ANOTHER.[1]

October 14, 1927.

No. 26,139.

**Pedestrian not guilty of contributory negligence as matter of law.**
Plaintiff, while crossing a street at an intersection, her route being inside the curb line, was run down by an automobile coming from her rear. The fact that she was not on the lookout for machines approaching from that direction was not contributory negligence as a matter of law, for she had the right to assume that automobilists coming from her rear would give warning of their approach.

Motor Vehicles, 42 C. J. p. 1135 n. 60; p. 1136 n. 64; p. 1146 n. 17; p. 1153 n. 32.

---

See note in 3 L.R.A.(N.S.) 345; 20 L.R.A.(N.S.) 232; 38 L.R.A.(N.S.) 488; 42 L.R.A.(N.S.) 1179; 2 R. C. L. 1186; 1 R. C. L. Supp. 724; 4 R. C. L. 148.

---

Defendants appealed from an order of the district court for Hennepin county, Reed, J., denying their motion to vacate an order granting plaintiff a new trial. Affirmed.

*Maugridge S. Robb,* for appellants.
*Erling Swenson,* for respondent.

STONE, J.

In this action for personal injuries, a verdict was directed for defendants on the ground of contributory negligence. Solely because he considered that error, the learned trial judge granted plaintiff's motion for a new trial by an order of December 9, 1926. On December 11, by an order to show cause why the order granting the new trial should not be vacated, a reargument of the motion for a new trial was in effect ordered. That reargument was set for December 17. The result was an order denying the motion to vacate the order granting a new trial, and the appeal is from that

[1]Reported in 215 N. W. 520.

order. Notwithstanding the somewhat anomalous procedure, the order in question is appealable under the rule of United States R. & P. Co. v. Melin, 160 Minn. 530, 200 N. W. 807.

Putting the testimony in as favorable a light for plaintiff as reasonable consideration will permit, plaintiff was injured by defendants' automobile under the following circumstances: In the evening after dark she alighted from a street car south bound on Fifteenth avenue south, Minneapolis, on the far or southerly side of its intersection with Eighth street south. Passing behind the car, she went to within two or three steps of the easterly curb on Fifteenth avenue and started thence north across Eighth street. After she had so turned from her crossing of Fifteenth avenue to cross Eighth street, defendants' automobile struck her from behind. The speed was not great, for although the pavement was damp the car was stopped quickly and within its own length. The headlights were on, but it might have been found that the driver ran into plaintiff without sounding his horn and without seeing her at all.

We cannot say that the evidence establishes to the point of demonstration that plaintiff when struck was not between the sidewalk lines. Be that as it may, the evidence certainly is open to the finding that she was at a point east of the curb line of Fifteenth avenue. It may well be concluded from the evidence that plaintiff had finished her crossing of Fifteenth avenue and was crossing Eighth street. If she was inside the curb line, she could not have been run into by an automobile coming from the south on Fifteenth avenue unless it swerved to the right from its course or was turning to the right to go east on Eighth street. With respect to an automobile coming from her rear, it would not have been negligence for plaintiff to have indulged the assumption that she would be given warning of its approach. Therefore, the mere fact that she did not keep a lookout to her rear and did not perceive the approach of defendants' machine does not convict her of negligence as a matter of law.

Inasmuch as it may be concluded from the evidence that plaintiff had started across Eighth street, her manner, even though it be negligent, of crossing Fifteenth avenue, though material as a matter of evidence, is not conclusive of her manner of crossing Eighth street. She was not struck by a machine about to cross in front of her. Therefore, cases involving accidents to pedestrians coming into collision with machines traversing a route at right angles to that of the pedestrian are not especially pertinent and certainly not controlling. Among the more recent of such cases here are Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481; Pach v. Chippewa Springs Corp. 161 Minn. 125, 201 N. W. 293, and Chinander v. DeLaittre, 171 Minn. 11, 213 N. W. 44. In the latter case we refrained from saying finally that there was contributory negligence as a matter of law, but felt only that the case on that issue was in such shape as to require a new trial. Railroad crossing cases, including those involving street railways, are still more remote. We find nothing in the case which makes the "anti-jay-walking" ordinance of Minneapolis decisive against plaintiff as a matter of law. On the other hand, cases involving the running down of pedestrians lawfully upon a highway by a machine coming from the rear of the injured person are persuasive. Such a case is Yorek v. Potter, 166 Minn. 131, 207 N. W. 188.

Order affirmed.