## MARGARETA WORRLEIN v. JOHN MAIER.[1]

May 17, 1929.

No. 27,329.

*Daly & Barnard* and *Freeman & Smith,* for appellant.
*Johnson & Schaefer,* for respondent.

STONE, J.

Action for breach of promise of marriage wherein plaintiff had a verdict for $10,000. By one notice defendant attempts to appeal from two orders denying as many motions for a new trial.

[1]Reported in 225 N. W. 399.

The first motion for new trial was on the ground of excessive damages, that the verdict was not justified by the evidence and contrary to law, and errors of law occurring at the trial. It was denied by an order of August 25, 1928. Notice of the filing of that order was given immediately and the time for appeal therefrom expired 30 days thereafter. September 15, 1928, defendant made a second motion, which was "for an order vacating the order" of .August 25, "and reopening said matter and granting defendant permission to amend and renew his said motion for a new trial." The notice of the second motion proceeded to the effect that if the motion for an order vacating the order denying the first motion should be granted defendant would "renew his motion heretofore made" for a new trial upon the same grounds before assigned and also upon that of newly discovered evidence. By an order of December 5, 1928, this motion was "in all things denied."

■ The order denying the first motion was itself appealable, and the time for appeal had expired long before the service of the notice whereby defendant attempts to appeal from both orders. So far as the second order denies the motion to vacate the first it is not appealable. Little v. Leighton, 46 Minn. 201, 48 N. W. 778. It follows that, there having been no timely appeal from the first order, and the second, so far as it declines to vacate the first, being non-appealable, we cannot review the denial of a new trial upon the grounds assigned in the first motion. Therefore we do not consider whether the damage was excessive, the verdict contrary to the law or evidence, or whether there was prejudicial error at the trial. So far as it concerns the order of August 25 and the refusal to vacate that order, the appeal is dismissed.

■ There remains the second motion in so far as it is put upon the ground of newly discovered evidence. The new evidence to which we shall presently refer was not discovered, it is made to appear satisfactorily, until after the first motion for new trial had been made and submitted. So the motion for new trial upon the ground of newly discovered evidence was sufficient if made promptly, and it was, after the discovery of the new evidence. Sheffield v.

Mullin, 28 Minn. 251, 9 N. W. 756; Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129; State ex rel. Klemer v. District Court, 134 Minn. 189, 158 N. W. 825; Ricker v. J. L. Owens Mfg. Co. 151 Minn. 314, 186 N. W. 702.

Defendant denies the promise of marriage and the sexual intercourse which plaintiff claims to have permitted on the faith thereof. After the first motion for a new trial, defendant claims to have received through the mail, without explanation then or since, a letter purporting to have been written by plaintiff to a friend in Germany after the verdict against defendant. The letter is long and its details need not be gone into. If genuine, a jury could well take it as proof that plaintiff had no case. It suggests that enemies of defendant prevailed upon plaintiff to "bring suit against John that he promised to marry me then I could get many thousands out of him, and both of them · * * * accompanied me to an attorney, and to bring suit against Maier," the defendant. The letter contains a direct admission that defendant "had not promised to marry" plaintiff. The whole issue on the second motion, so far as it was put upon the ground of newly discovered evidence, was as to the genuineness of this letter. It was heard on affidavits, numerous and voluminous on both sides. Plaintiff denies that she wrote the letter or had anything to do with it. On the other hand, there is evidence that it is in her handwriting. Much of that proof is by experts and as usual is denied by other experts on handwriting and questioned documents.

The theory for plaintiff is that the letter is a forgery. If so, it is a most ambitious and unusual one. Both the letter and the specimen of plaintiff's genuine handwriting are in German script. Whether the internal evidence of similarity of penmanship or the lack of it is for or against one side or the other we do not determine. But the letter itself, in what it says and its numerous intimacies of reference, is of a character which, prima facie, makes it difficult to believe it a forgery. This new evidence, if genuine, is so destructive of plaintiff's case that we conclude that the issue of its genuineness should have been submitted to a jury, the appropriate trier of such

an issue. The letter was not a mere impeachment of plaintiff's testimony. If authentic, it brands her whole case as a fraud. Neither is it merely cumulative evidence for defendant, for if plaintiff wrote the letter it is quite a convincing admission against interest. Defendant had no such evidence and none so weighty against plaintiff.

In granting or refusing new trials on the ground of newly discovered evidence trial judges have a wide discretion with the exercise of which this court seldom interferes. We are particularly loath to do so where such a motion presents only an issue of fact. But here, as already suggested, there is so much about the letter to indicate its genuineness and so much of opinion evidence in support that, without belittling the proof contra or otherwise embarrassing the trial of the issue, we think it such as to require another trial. To take the contrary view would deny defendant the right to have a jury pass upon a fact issue which, resolved in his favor, might well give him the verdict. There should be a new trial. The order denying a new trial on the ground of newly discovered evidence must be reversed.

So ordered.