# MARILLA BOYER v. IRENE JOSEPHSON.[1]

January 22, 1932.

No. 28,730.

*Arthur T. Nelson* and *Hugh Young,* for appellant.
*Baldwin, Baldwin, Holmes & Mayall,* for respondent.

[1]Reported in 240 N. W. 538.

HOLT, J.

Plaintiff's intestate, John Wilds, 74 years old, met death under the following circumstances in the afternoon of March 3, 1931. About 5:45 o'clock p. m. he was walking in an easterly direction near the northerly edge of an 18-foot paved highway leading into Duluth. As defendant, driving an automobile in the same direction on the southerly side of the pavement, was about to pass him, he suddenly and without looking, turned to the south in the path of the car. Defendant to avoid him turned abruptly to the right, applying the brakes, the front wheels going into the ditch. The rear left fender or rear end of the car struck Mr. Wilds. His skull was fractured, but whether from striking the pavement or the rear part of the car is left in uncertainty. Death resulted in a short time from the injuries received. Besides defendant, only one other person, walking west and about a block east of the accident, testified as to the occurrence. He observed only what happened after he heard the thud of the impact and looked up towards the place of accident. Plaintiff brought this action, alleging that "defendant carelessly, negligently, recklessly and unlawfully drove and propelled her automobile into and upon" Mr. Wilds, injuring him so that he died. Defendant denied negligence on her part and alleged contributory negligence on the part of Mr. Wilds, which was denied by the reply. Both issues were submitted to the jury, and the verdict was for defendant. From the order denying plaintiff's motion for a new trial she appeals.

The verdict is challenged as not justified by the evidence and contrary to law. More specifically, plaintiff claims that she was entitled to a directed verdict, in that defendant was negligent as a matter of law in failing to warn Wilds of the approach of the car, and that Wilds was free from contributory negligence as a matter of law. We deem neither proposition correct. The complaint in general terms alleged negligent operation of the car against and upon Mr. Wilds, but the proof was all to the effect that defendant was driving her car upon a straight, paved road, not occupied by any other vehicles or persons other than Mr. Wilds, at the moderate

speed of 20 miles an hour. Mr. Wilds was walking on the north edge of the pavement, where she had no intention of going. Her car was under control so that she was able to stop when the rear of the car was only some three feet easterly of where Mr. Wilds fell. It was for the jury to say whether the ordinarily careful driver should have anticipated that on this suburban or rural highway, with no crossroads or houses on either side, the deceased would suddenly change his course into the path defendant was. driving without one glance to see whether he could do so safely. It is not claimed that defendant violated any statute in failing to warn. Moreover, the jury could find that there was no time to sound the horn after the deceased placed himself in peril. Plaintiff cites Yorek v. Potter, 166 Minn. 131, 207 N. W. 188, but there there was conflicting evidence, from which the jury might find that the plaintiff was walking in the course defendant was driving so that he could see that there would be a collision unless he changed his course or could get the plaintiff to change hers. Bruce v. Cohn, 172 Minn. 386, 215 N. W. 520, involves similar facts of the car's coming up behind the pedestrian. The same is true in the cases cited from other courts, such as State C. Ins. Fund v. Scamell, 73 Cal. App. 285, 238 P. 780; Schock v. Cooling, 175 Mich. 313, 141 N. W. 675; Cox v. Reynolds (Mo. App.) 18 S. W. (2d) 575; Griffith v. Slaybaugh, 58 App. D. C. 237, 29 F. (2d) 437. We also think the defense of contributory negligence was properly submitted to the jury. The evidence of defendant is not disputed nor inherently improbable that Mr. Wilds, without looking toward the rear, suddenly veered to the south into the path of the car and ran into the rear end thereof when defendant swung sharply to the right and stopped.

To the complaint that the court should have charged that Mr. Wilds, being dead, the jury might presume that he had exercised due care to avoid injury, the answer is that no request so to charge was made. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7179. The court fully instructed that the burden was on defendant "to establish that Mr. Wilds was guilty of contributory negligence, and this the defendant must do by a fair preponderance of the evidence."

When the charge was ended the court inquired of counsel whether there were any corrections or suggestions, and plaintiff's counsel responded:

"The plaintiff excepts to the failure of the court to give the instruction heretofore requested."

The request so referred to was an oral request, proffered when the evidence was closed, that the court charge as follows:

"You are charged that it is the law of this state that a plaintiff may recover notwithstanding his contributory negligence if the defendant might, by the exercise of ordinary or reasonable care on his part, after discovering plaintiff in a position of danger, have avoided the accident."

On this appeal the refusal to give the above instruction is also assigned as error. Aside from not being proffered in the way prescribed by statute, G. S. 1923 (2 Mason, 1927) § 9298, we think the evidence would not have justified the jury in finding that defendant failed in any respect to use all care to avoid injury after Mr. Wilds placed himself in peril. Therefore the instruction was inapplicable and rightly refused.

Error is assigned because the court submitted the failure to warn as the only ground upon which the charge of negligence could rest, saying:

"Was the defendant negligent in failing to give a warning of her approach as she drove her car while approaching and coming close to Mr. Wilds as he was proceeding on the pavement in the same direction in which the defendant was driving her car?"

The correct rule for determining negligence was given. As above stated, the jury could not find negligence in the speed nor the control of the car. Defendant saw Mr. Wilds for over a block ahead, walking upon a part of the road she had no intention of passing over. There was no conceivable way for one in defendant's situation to act for Mr. Wilds' protection unless it was by giving warning of her approach. We do not think any act or omission of defendant other than the one submitted is found in this record upon

which the jury could be permitted to base a finding of negligence. The trial court correctly submitted the only ground of negligence of which there was any evidence, and rightly let the jury pass on the contributory negligence of Mr. Wilds, and the verdict must stand.

The order is affirmed.