## GERTRUDE W. JOHNSON v. SIMON KRUSE.[1]

April 28, 1939.

No. 32,027.

[1]Reported in 285 N. W. 715.

*Clinton A. Rehnke,* for appellant.
*R. H. Fryberger,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order refusing to set aside a previously made order whereby the court had granted plaintiff's motion striking defendant's answer as sham and frivolous and for judgment in plaintiff's behalf.

On May 25, 1932, Walter Johnson, plaintiff's husband, entered into a written agreement with Hotel Radisson Company whereby the latter agreed to redeem within six years one-half of certain corporate stock that Johnson had inherited from his father's estate. He was at that time indebted to the company in the sum of $874, and this amount with interest he agreed to pay within three years. Johnson complied with his part of the contract, but the company failed to redeem the stock, and so on August 13, 1935, a three-party agreement was entered into under the terms of which Johnson and his wife (the present plaintiff, to whom he had assigned the stock) agreed with defendant (president of the company) "to transfer and assign to said Simon Kruse or his nominee, monthly, so much of said stock as he shall pay for at the par value thereof" until $2,200 had "thus been purchased." Johnson and plaintiff both covenanted and agreed that so long as defendant should purchase in monthly payments of $50 of the par value of the stock they and each of them would refrain from bringing any action against defendant or against the company by virtue of the former contract. And it was—

"further agreed, that the first $50 par value of said stock shall be purchased and paid for as of the date hereof and the remaining installments on the 15th day of each month, commencing with the 15th day of September, 1935, and that the amount of such stock as shall be thus purchased from time to time shall be transferred and assigned at such time of purchase, and that the purchase price of such stock shall be the par value thereof without the addition of interest or accrued dividends."

On the next day, pursuant to this agreement, plaintiff delivered a duly assigned certificate of four shares to defendant's attorney, who receipted therefor as "deposited in connection with Simon Kruse contract of Aug. 13, 1935, and on which $50 has been paid." The remaining payments of $50 per month were duly met. In similar fashion another certificate for ten shares was delivered in April, 1936, and defendant duly met the next ten monthly payments. On December 17, 1937, plaintiff again so delivered another certificate for ten shares, defendant's attorney receipting for same as "deposited in connection with contract with Simon Kruse, former certificate having been bought and paid for." Defendant met the first five monthly installments of $50 each but failed to meet those falling due in May and June, 1938. This action was brought to recover these two defaulted payments. By his answer defendant admitted the execution of the contract but otherwise pleaded a general denial. On the hearing of the motion the facts heretofore related were clearly established. Defendant does not question them but denies liability because: (1) The agreement constituted only an option to purchase, and (2) that there was no consideration for either contract.

■ An appeal lies from "an order denying a motion to vacate an order striking out an answer as sham * * * but the motion to vacate must be made returnable before the expiration of the time to appeal from the original order." United States R. & P. Co. Inc. v. Melin, 160 Minn. 530, 531, 200 N. W. 807, 808; Bruce v. Cohn, 172 Minn. 386, 387, 215 N. W. 520; and see Cook v. Byram, 178 Minn. 230, 226 N. W. 699; Thompson v. C. & N. W. Ry. Co. 178

Minn. 232, 235, 226 N. W. 700. Defendant's appeal comes within that rule. ·

■ It is also the rule here that an order striking out an answer or part thereof is appealable. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 308, and cases under note 8. See also Long v. Mutual Trust L. Ins. Co. 191 Minn. 163, 253 N. W. 762.

■ By statute (2 Mason Minn. St. 1927, § 9259) it is provided that "sham, irrelevant, or frivolous answers, defences, or replies, and frivolous demurrers, may on motion be stricken out, or judgment rendered notwithstanding the same, as for want of answer or reply."

■ Having concluded that defendant's appeal is properly here, we may next consider his claim that the contract involved is only an option rather than one of purchase. From the facts related we think it is apparent that this agreement is much more than a mere privilege to buy. Defendant *"agreed* that the first $50 par value of said stock *shall be purchased and paid for* as of the date" of the contract; that "the *remaining installments"* were to be met in monthly payments "commencing with the 15th day of September, 1935"; that the stock was to be transferred and assigned at the par value "without the addition of interest or accrued dividends." Also to be noted, the agreement does not provide for any notice of election to purchase or to the exercise of any "option" on defendant's part so to do. Nor is any provision made limiting the time within which he is to exercise his right of purchase. There is no provision for putting an end to plaintiff's obligation to go through with her bargain to sell. The promised payments were not for the privilege of buying but for the purchase price.

We had occasion recently to pass upon a contract where, as here, defendant claimed the instrument to be one of option rather than of purchase. Oleson v. Bergwell, 204 Minn. 450, 283 N. W. 770. We there said that an option is an offer to sell coupled with an agreement to hold the offer open for a specified time; that such contract secures the privilege of buying but is not of itself a pur-

chase; that the owner does not sell his property by such agreement but simply gives to another the right to buy at the latter's election.

Further to be noted is the fact that the present contract includes, by reference at least, the prior agreement made between Walter Johnson and the hotel company. Here plaintiff and Walter both have agreed not to enforce that contract as long as defendant maintained his payments under the present one. We think from what has been recited that the parties had in mind and actually entered into a contract of sale by plaintiff and purchase by defendant of the mentioned stock. Then, too, the manner in which the parties proceeded to perform thereunder sustains that view. That the parties so considered this agreement seems clear. The making, signing, and delivering by defendant's counsel of the various receipts all indicates that he shared his client's views in respect of such construction.

■ It is next claimed that "consideration" is lacking. In 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 1750, we find this definition which we think well fits the present situation:

"Consideration is often defined as 'something which is of some value in the eye of the law moving from the plaintiff; it may be some benefit to the defendant or some detriment to the plaintiff.' A valuable consideration, in the sense of the law, may consist either in some right, interest, profit or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility, given, suffered or undertaken by the other. Consideration means, not so much that one party is benefited, as that the other suffers detriment." (*Cf.* Rye v. Phillips, 203 Minn. 567, 282 N. W. 459, 119 A. L. R. 1120.)

See also 12 Am. Jur., Contracts, §§ 72 to 76, inclusive, and cases cited in the notes.

Order affirmed.

Mr. Justice Hilton, incapacitated by illness, took no part.