GEORGE M. KOLB AND ANOTHER v. CITY OF MINNEAPOLIS.[1]

December 9, 1949.

No. 34,940.

[1]Reported in 40 N. W. (2d) 619.

*E. Luther Melin*, for appellants.

*Paul J. Thompson, Abbott L. Fletcher, Howard I. Moore*, and *Fremont Fletcher*, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court.

The pertinent question for our consideration is whether the order appealed from is appealable.

The proceedings involve the acquisition of land for park purposes and were instituted under the charter of the city of Minneapolis by resolution of the board of park commissioners, hereinafter referred to as the park board, for the enlargement of Frank H. Peavey Field to embrace parcels of land situated between Franklin avenue and Twenty-second street and Chicago avenue and Park avenue. Pursuant to the resolution, five citizens were appointed by the park board on March 5, 1947, as commissioners to view the property and to award damages to each owner for such taking. The objectors herein, according to their brief, at that time were and still are the owners of lots 15 and 16, Evergreen Addition.

The commissioners appointed by the park board viewed the premises and held meetings from time to time to hear persons interested and to take testimony as to the value of the land and buildings to be acquired. The objectors were present at one of the meetings and stated that the reasonable worth and value of their property was $30,000. On August 26, 1947, the commissioners made and filed the report of their appraisal, wherein they awarded the objectors $14,250 for their property. They objected to this award on the ground that it was inadequate. On November 5, 1947, the park board confirmed the award notwithstanding the objection.

On November 12, 1947, the objectors appealed to the district court of Hennepin county from the award of the commissioners and

its confirmation by the park board. On March 19, 1948, the district court confirmed the proceedings in all respects except as to the amount of the award, and appointed its own appraisers of three citizens to again determine the value of the property. After viewing the premises and taking the testimony of both parties, these appraisers made and filed a report on August 20, 1948, awarding the objectors damages in the sum of $16,000. On September 20, 1948, the objectors moved to reject and set aside this appraisal and award on the ground that it was inadequate, insufficient, arbitrary, unreasonable, and not justified by the evidence. Two days later, the city, through its park board, moved to confirm the award. These motions were heard on October 5, 1948. On October 21, 1948, the district court made its order confirming the award of the appraisers appointed by it, omitting any reference in its order to the motion of the objectors to reject and set aside the award. Included in the record is an affidavit of mailing notice of this order on the same date to the objectors and their attorney by depositing a true and correct copy thereof in the United States mail at Minneapolis, addressed to the attorney for the objectors, 436 Palace Building, Minneapolis, Minnesota.

On November 9, 1948, the objectors moved the court to revise its order of October 21 and incorporate therein their motion of September 20, and in effect to find that the reasonable worth and value of the property was $20,000 and not the $16,000 set out in the report of the appraisers. This motion was heard on November 17, 1948, and on the same date the court made an order, filed the following day, denying the motion of the objectors. Attached to this order and made a part thereof was a memorandum by the court to the effect that the motion of the objectors to vacate the appraisal of $16,000 was duly considered by the court in passing upon the motion of petitioner to confirm the appraisal, and that the granting of the motion to confirm was a denial of the motion to set aside the appraisal.

On December 16, 1948, the objectors appealed to this court *from the order of November 17, 1948.* The city requests that this appeal

be dismissed, as it contends that the order is not appealable and that the notice of appeal cannot be construed to be an appeal from the original and final order of October 21, 1948.

It is our opinion that the order of November 17, 1948, is not appealable and that the appeal from that order should be dismissed. The Minneapolis City Charter, c. 16, § 3(11), contains a provision that where a property owner is dissatisfied with the amount of damages awarded to him by the park board he may appeal to the district court from the confirmation of its award of damages, which was done by the objectors in this case. Section 3(11) further provides in part:

"* * * In case the amount of damages awarded is complained of by such appellant, the court shall, if the proceedings shall be confirmed in other respects, upon such confirmation, appoint three (3) disinterested freeholders, residents of said city, appraisers, to re-appraise such damages. The parties to such appeal shall be heard by said court upon the appointment of such appraisers, and the court shall fix the time and place of meeting of such appraisers; they shall be sworn to the faithful discharge of their duties of such appraisers, and shall proceed to view the premises and to hear the parties interested with their allegations and proofs pertinent to the question of the amount of such damages; * * *. They shall, after such hearing and view of the premises, make a report to said court of their appraisal of damages in respect to the property of such appellant. *The award of such appraisers shall be final, unless set aside by the court for good cause shown.*" (Italics supplied.)

In the instant case, the court in its order of October 21, 1948, did not set aside, *but confirmed,* the award of the appraisers appointed by it. If, under the provisions of the charter, such an award is final unless set aside by the court, it would seem reasonable that the order of the court confirming the award would also be final, as the effect of granting the park board's motion to confirm denied in effect the motion of the objectors to reject the award, inasmuch as both motions were considered together. No appeal from that order was

taken by the objectors within the statutory period, but on November 9, 1948, the objectors again moved to reconsider the matter heard on October 5, 1948, and decided in the court order of October 21, 1948, and the court again, on November 17, 1948, made an order denying the motion of the objectors to reconsider the matter. It is from that order of *November 17, 1948,* that this appeal is taken.

In Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, plaintiffs moved for a new trial. Defendants also moved for a new trial and, after its denial, did not appeal, but made another like motion, which was denied. From the order denying their second motion, defendants appealed. Plaintiffs appealed from the order denying their motion for a new trial and also moved to dismiss defendants' appeal on the ground that the time to appeal from the order denying their motion had expired. The appeal of the defendants was dismissed, and the order denying plaintiffs' motion for a new trial was affirmed. With reference to the appeal from the order denying defendants' second motion for a new trial, this court said (183 Minn. 439, 237 N. W. 18) :

"There is force in the argument that any order, in form one denying a new trial, even on a second motion, should be appealable under the statute. It was so held in First Nat. Bank v. Briggs, 34 Minn. 266, 26 N. W. 6. If the court has the power to reconsider, as obviously it has, and does so and again denies the motion, why should there not be an appeal, even though the time for appealing from the first order has expired? The answer is in the statute (G. S. 1923 [2 Mason, 1927] § 9497) terminating the right of appeal 30 days from notice of the order. That period cannot be extended by agreement of the parties or order of court. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 318. So where the second motion results only in confirming the original order, which has neither been vacated nor appealed from within the time limited by statute, the right to appeal is gone beyond power of recall. We cannot hold that the right of appeal is revived or continued by what at best is merely an unsuccessful motion to vacate the first order. Our law has long been settled to the contrary. Worrlein v. Maier, 177 Minn. 474, 225 N. W. 399, following Little v. Leighton, 46 Minn. 201, 48 N. W. 778."

It appears to us that the conclusion reached in that case is applicable here, because, after all, the motion of November 9, 1948, to reconsider the matter decided in the court's order of October 21, 1948, seems to be at best only an unsuccessful motion to vacate the first order, which was not appealed from within the statutory period.

M. S. A. 605.08 provides:

"An appeal from a judgment may be taken within six months after the entry thereof, and from an order within 30 days after written notice of the same from the adverse party."

While it is true that the objectors took an attempted appeal from the order of November 17, 1948, within the 30-day limitation, to permit such an appeal where the second motion resulted only in confirming the original order, as was the situation here, would be reviving or continuing the time for appeal from the original order of October 21, 1948, beyond the statutory period for such appeal, which we cannot do.

Appeal dismissed.