RUSSELL D. BENNETT v. LILLIAN J. JOHNSON.[1]

March 24, 1950.

No. 35,044.

[1]Reported in 42 N. W. (2d) 44.

*Levine & Levine,* for appellant.
*Lindahl O. Johnson,* for respondent.

KNUTSON, JUSTICE.

The issues involved in this appeal are somewhat obscure, and in order to understand the complicated maneuvering of the parties it is necessary that some facts relating to the background of the litigation be stated.

This case, like many others which have been commenced between the parties, is the aftermath of a divorce between plaintiff and his former wife, Lillian Helen Bennett. The divorce was granted in May 1947. Defendant in this action is the aunt of plaintiff's former wife. Prior to their divorce, plaintiff and his wife purchased, on a contract for deed, a home in Hennepin county, which they occupied as their homestead. This property will be referred to hereinafter as the homestead. The parties, being in financial difficulties, conveyed the homestead to defendant for security purposes. Plaintiff was indebted to defendant in quite a large sum of money. After the divorce, an action was brought by plaintiff to compel defendant to reconvey the property to plaintiff and his former wife, on the theory that the conveyance to defendant in the first place was intended to be for security only. A trial of this case was commenced, and, after being practically submitted, a settlement was effected whereby plaintiff gave defendant in this action a note for his indebtedness to her. The note was secured by a mortgage on the homestead signed by plaintiff and his former wife, and a deed was executed by defendant to plaintiff and his former wife as joint tenants. This deed is dated February 14, 1948, and was recorded in the office of the register of deeds of Hennepin county on February 25, 1948. Thereafter, defendant sued plaintiff on the note. After the commencement of that action, plaintiff made an assignment for the benefit of his creditors on August 16, 1948. The only property listed in the schedule of his assets is his one-half interest in the homestead, and

the only creditors are defendant and the Travelers Insurance Company, which held a first mortgage on the premises. After the assignment, defendant procured a judgment against plaintiff for $2,991.58, which was docketed in the office of the clerk of the district court of Hennepin county on September 21, 1948. Thereafter, execution was issued and levy made upon plaintiff's interest in the homestead on October 11, 1948, and notice of sheriff's execution sale was served, setting the date for the sale as December 6, 1948.

On October 7, 1948, plaintiff commenced this action, praying that defendant be restrained from enforcing her judgment and that she be compelled first to exhaust her security or surrender it to plaintiff's assignee. An order to show cause was issued, pursuant to which defendant was temporarily restrained from proceeding with the execution sale, which order is dated October 8, 1948, and is returnable on November 15, 1948. The order and the summons and complaint were served on November 12, 1948. Defendant's answer was served on November 15, 1948, and is in the nature of a general denial, coupled with allegations that the assignment for the benefit of plaintiff's creditors "is fraudulent against this defendant; that the purported assignment which is void was purportedly prepared by plaintiff's attorney, who had appointed his stenographer in his office as the assignee of plaintiff's property." Defendant asks that the action be dismissed.

On November 17, 1948, the Honorable Levi M. Hall made an order denying a motion to restrain defendant from proceeding to enforce her judgment and discharging the temporary restraining order theretofore issued. This order was based upon the original order to show cause issued prior to the service of the answer. It is the contention of plaintiff that the court's order was based on plaintiff's failure to file a bond in compliance with the restraining order. The record does not so show, but it does appear that defendant's attorney appeared specially, and it reasonably appears to us that the order did not consider the merits of the motion.

On November 26, 1948, plaintiff moved the court for an order striking the answer as sham, false, and frivolous, permanently re-

straining defendant from further enforcement of the judgment, and directing her to exhaust her security or surrender it to plaintiff's assignee. The motion is based on all the files, records, and proceedings and is supported by plaintiff's affidavit setting forth the conveyance of the property to plaintiff and his former wife as joint tenants and the official documents pertaining to the assignment for the benefit of creditors. No counteraffidavit of any kind was filed by defendant. On December 3, 1948, the court made its order granting the motion. The order provided that plaintiff post a bond in the sum of $250 before the restraining order should issue.

On December 13, 1948, the case came on for trial as a default matter, after which findings of fact, conclusions of law, and order for judgment were signed on May 18, 1949. The court found that plaintiff was the owner of an undivided one-half interest in the real estate involved; that plaintiff made an assignment for the benefit of his creditors; that defendant was one of plaintiff's creditors, with a claim based on the judgment described above, which was secured by a mortgage on the real estate involved; that defendant be required to exhaust her security or surrender it to the assignee; and ordered judgment that defendant be permanently enjoined from enforcing her judgment before exhausting her security or surrendering it to plaintiff's assignee.

On December 16, 1948, defendant served notice of motion for an order (1) vacating the order of December 3, 1948; (2) restraining plaintiff from further lawsuits and/or actions against defendant and his former wife, which actions involve the property here in issue; (3) advancing for trial the action between this plaintiff and his former wife and this defendant[2]; and (4) requiring plaintiff to post a bond in at least $3,500 to cover the first mortgage held by the Travelers Insurance Company. The motion was supported by the affidavit of defendant's attorney, stating substantially the facts set forth in our opinion in Bennett v. Bennett (No. 35,059) 230 Minn. 415, 42 N. W. (2d) 39, filed herewith, together with a de-

[2]Being Bennett v. Bennett (No. 35,059) 230 Minn. 415, 42 N. W. (2d) 39, filed herewith.

tailed history of other actions which had been instituted or tried between the parties. An additional affidavit of an employe of the real estate company which had handled the sale of the premises and which now acts as agent for the Travelers Insurance Company stated that plaintiff's former wife had made the payments on the original contract for deed and later on the mortgage. The motion was returnable on December 27, 1948, and came on for hearing on January 10, 1949. On May 18, 1949, the same day as findings were signed, the court made its order denying defendant's motion. This appeal by defendant is from the order of May 18, 1949, denying her motion to vacate the order of December 3, 1948.

■ Much confusion exists in our cases concerning the appealability of an order denying a motion to vacate an appealable order. The trouble in all probability arises by virtue of the decision in U. S. Roofing & Paint Co. Inc. v. Melin, 160 Minn. 530, 200 N. W. 807, where we held that an order refusing to vacate an order striking an answer as sham was appealable. The reason for the rule was not announced. We further held that a motion to vacate such an order is addressed to the sound discretion of the court and will not be disturbed in the absence of an abuse of discretion. In Bruce v. Cohn, 172 Minn. 386, 387, 215 N. W. 520, where we applied this rule in a case involving an order denying a motion to vacate an order granting a new trial, we said:

"* * * Notwithstanding the somewhat anomalous procedure, the order in question is appealable under the rule of United States R. & P. Co. v. Melin, 160 Minn. 530, 200 N. W. 807."

In Johnson v. Kruse, 205 Minn. 237, 285 N. W. 715, we again applied the rule on an appeal from an order refusing to set aside a previously made order striking defendant's answer as sham, citing the two cases above mentioned.

On the other hand, we early said in Little v. Leighton, 46 Minn. 201, 48 N. W. 778, that an order refusing to vacate an order denying a new trial was not appealable. Speaking through Mr. Justice Mitchell, we there said:

"* * * The appeal is from this order refusing leave to renew the motion for a new trial, and refusing to vacate the former order denying a new trial. In so far as the order is one refusing leave to renew a motion previously made and denied, the matter was one addressed to the sound discretion of the court; and we think that the facts disclosed by the record show that, so far from that discretion being abused in this case, it was wisely exercised. In so far as the order was one refusing to set aside and vacate the order denying a new trial, (which was itself appealable,) it was not an appealable order."

In Gasser v. Spalding, 164 Minn. 443, 444, 205 N. W. 374, 375, we held that an order refusing to vacate a judgment entered pursuant to an order of dismissal for want of prosecution was not appealable, saying:

"* * * The judgment was authorized by the order and was itself appealable. By an appeal therefrom the order for the judgment could have been reviewed. We consider that right of appeal exclusive under our statute (section 9498, G. S. 1923), of the one here sought to be used. Certainly it was not the intention of the legislature, in providing for an appeal from a judgment and limiting the time for it to six months, to leave open the method of review at any time by a motion to vacate and an appeal from the order denying it."

In LaRue Iron Min. Co. v. Village of Nashwauk, 176 Minn. 117, 118, 222 N. W. 527, where we held that an order refusing to vacate a judgment of an injunctional nature was not appealable, we said:

"* * * The statutory appeal from the judgment being the exclusive method for reviewing an authorized judgment and correcting it if erroneous, the law does not permit another method of review by an appeal from an order denying a motion to vacate or modify the judgment."

In Worrlein v. Maier, 177 Minn. 474, 225 N. W. 399, defendant moved for a new trial after a verdict for plaintiff. The motion was

denied. Subsequently, defendant moved for an order vacating the order denying the motion for a new trial and for an order granting a new trial on the same grounds as specified in the first motion, but upon the further ground of newly discovered evidence. This motion was also denied. The appeal was from both orders. With respect to the appealability of the order refusing to vacate we said (177 Minn. 475, 225 N. W. 400):

"* * * So far as the second order denies the motion to vacate the first it is not appealable," citing and following Little v. Leighton, 46 Minn. 201, 48 N. W. 778, *supra.*

In Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, plaintiff moved for a new trial. Defendant also moved for a new trial and, after a denial of his motion, did not appeal, but made another like motion. From a denial of his second motion, defendant appealed. In dismissing the appeal we said (183 Minn. 439, 237 N. W. 19):

"* * * where the second motion results only in confirming the original order, which has neither been vacated nor appealed from within the time limited by statute, the right to appeal is gone beyond power of recall. We cannot hold that the right of appeal is revived or continued by what at best is merely an unsuccessful motion to vacate the first order. Our law has long been settled to the contrary. Worrlein v. Maier, 177 Minn. 474, 225 N. W. 399, following Little v. Leighton, 46 Minn. 201, 48 N. W. 778. The contrary rule would permit form to control substance and leave the termination of the time for appeal in the realm of uncertainty and at the mercy of mere implication, whereas by nature it is something which should always be determinable by express and certain record."

In Kolb v. City of Minneapolis, 229 Minn. 483, 40 N. W. (2d) 619, we held that an order of a district court denying a motion to vacate a prior order of the court is not an appealable order where it appears from the record that the original order was a final one and was not appealed from within the time limited by statute.

It is settled that an order denying a motion to vacate a nonappealable order is not appealable. Marty v. Nordby, 201 Minn. 469, 276 N. W. 739.

We have also held that an order refusing to vacate an appealable order made after the time for appeal from the first order has expired is not appealable. Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, *supra;* Trickel v. Calvin, 230 Minn. 322, 41 N. W. (2d) 426.

The great weight of authority is in harmony with the rule that an order denying a motion to vacate an order which is itself appealable is not appealable. 4 C. J. S., Appeal and Error, § 132; 2 Am. Jur., Appeal and Error, § 96. In Wylie v. Coxe, 55 U. S. (14 How.) 1, 2, 14 L. ed. 301, the United States Supreme Court said:

"* * * it is plain that no appeal will lie from the refusal of a motion to open the decree and grant a rehearing. The decision of such a motion rests in the sound discretion of the court below, and no appeal will lie from it."

In Nuckolls v. Bank of California, 10 Cal. (2d) 266, 270, 74 P. (2d) 264, 267, 114 A. L. R. 708, the California court said:

"* * * The appeal from the order of December 12th denying motion to vacate the two orders of date respectively November 8 and November 20, 1935, is dismissed as no appeal will lie from an order refusing to vacate a judgment or order which is itself appealable."

In Fairbanks v. Beard, 247 Mass. 8, 9, 141 N. E. 590, 591, 30 A. L. R. 698, the Massachusetts court said:

"The disposition of a motion to vacate judgment rests in the sound discretion of the court. The mere refusal to grant it raises no question of law."

Upon reëxamination of our cases on this subject and authorities elsewhere, we are of the opinion that the rule announced in U. S. Roofing & Paint Co. Inc. v. Melin, 160 Minn. 530, 200 N. W. 807; Bruce v. Cohn, 172 Minn. 386, 215 N. W. 520; and Johnson v. Kruse, 205 Minn. 237, 285 N. W. 715, all *supra,* is inconsistent with many of our other decisions; that it is contrary to the great weight of author-

ity; and that there is no sound reason for the rule. Insofar as these cases hold appealable an order refusing to vacate an order which is itself appealable, they are hereby expressly overruled.

In view of the fact that the rule in the U. S. Roofing & Paint Co. case prevailed at the time this appeal was taken, we have determined to consider the appeal on its merits.

In this case, there is no appeal from the order striking defendant's answer. The appeal is limited to the order refusing to vacate the order striking defendant's answer as sham. The notice of appeal reads:

"Please take notice, that the above named defendant appeals to the Supreme Court of the State of Minnesota, from the Order of the said District Court entered herein, on the 18th day of May, 1949, denying the motion of the defendant in the following particulars:

"1. Refusing to vacate an order made by the above court on December 3, 1948, wherein the defendant was restrained from enforcing a judgment against the above named plaintiff.

"2. Refusing to vacate an order striking defendant's answer to plaintiff's complaint.

"3. Refusing to restrain this plaintiff from molesting this defendant and his former wife Lillian Helen Bennett with further law suits which involves [sic] the property here in issue.

"4. Refusing to advance for trial the action between this plaintiff and his former wife Lillian Helen Bennett and this defendant file #458668, to which there is a demurrer pending in this court and which action was instituted in March of 1948.

"5. Refusing to compel this plaintiff to file a bond in the sum of at least $3,500.00 in the event that the defendant is restrained from enforcing her judgment against the plaintiff.

"6. Vacating the Findings of Fact, Conclusions of Law and Order for Judgment as filed by the Court on the 18th of May, 1949."

Defendant contends that it was error for the court to consider plaintiff's motion to strike the answer as sham after having denied a motion for a restraining order based upon an order to show cause

issued contemporaneously and served with the complaint, relying upon Lenhart v. Lenhart Wagon Co. 211 Minn. 572, 2 N. W. (2d) 421; In re Estate of Wilson, 223 Minn. 409, 27 N. W. (2d) 429; and Personal Loan Co. v. Personal Finance Co. 213 Minn. 239, 6 N. W. (2d) 247. Defendant's position is untenable. When the first motion was made the answer had not been served. Defendant appeared specially in opposition to the first motion. Plaintiff contends that it was denied because of his failure to furnish a bond in support of the restraining order, and it does not appear that the court considered the matter on its merits. In any event, the second motion was not similar to the first. The first did not involve the question whether the answer was sham at all.

It is apparent that defendant recognized plaintiff's interest in the property out of which she seeks to satisfy her judgment without resort to the half interest owned by plaintiff's former wife, defendant's niece. Were she to foreclose her mortgage, she would have to resort to the interest of both, whereas by selling plaintiff's half interest under execution she could exhaust his interest without molesting the interest of his former wife. In the other case now before us, Bennett v. Bennett (No. 35,059) 230 Minn. 415, 42 N. W. (2d) 39, filed herewith, plaintiff's former wife, appearing by the same counsel as that for defendant here, takes the position, inconsistent with that of defendant here, that plaintiff owned no part of this real estate. In her affidavit in support of her motion, defendant here apparently takes the same position. At the time the trial court made its order in the instant case striking defendant's answer as sham, it had before it the claims of the parties in the other case, as well as the documentary proof establishing plaintiff's title to a half interest in the property. By her general denial, defendant put in issue plaintiff's title to the very property against which she seeks to satisfy her judgment by execution sale. While she alleges, as a conclusion, that the assignment by plaintiff for the benefit of his creditors is fraudulent, she asserts no facts upon which to base such conclusion, except that the assignment was prepared by plaintiff's attorney and that his stenographer was named as as-

signee. We have not known such facts to constitute fraud. Her affidavit in support of her motion to vacate the court's order striking the answer as sham states that plaintiff has no title, yet in her execution sale she seeks to sell, in satisfaction of her judgment, that which she claims in her affidavit does not exist.

As to the fourth ground set forth in the notice of appeal, defendant seeks to advance for trial another action in which she was named as defendant, but in which she had interposed no answer and in which she was in default. Defendant in this action has no interest in the action which she so seeks to advance for trial on the calendar.

As to the fifth ground assigned, defendant apparently confuses the requirements of M. S. A. 577.05, relating to the requirements for a bond on the part of an assignee for the benefit of creditors in at least double the value of the estate assigned, as shown by the inventory, with § 585.04, requiring a bond before issuance of an injunction or restraining order. There is no requirement under § 577.05 that the debtor give any bond. The requirement of the statute as to a bond relates solely to the furnishing of such by the assignee.

As to the sixth ground, no motion to vacate the findings of fact, conclusions of law, and order for judgment has been made; it is no part of defendant's motion or the court's order denying it; and it is not before us on this appeal. Furthermore, defendant was in default at the time findings were made.

We have carefully examined all other claims of defendant, but find no merit in them.

Under the circumstances here existing and the showing made by defendant, there was no abuse of discretion on the part of the trial court in refusing to vacate its order striking defendant's answer as sham.

Affirmed.