RUSSELL D. BENNETT v. LILLIAN HELEN BENNETT AND OTHERS.[1]

March 24, 1950.

No. 35,059.

[1]Reported in 42 N. W. (2d) 39.

416

Levine & Levine, for appellant.
Lindahl O. Johnson, for respondent.

KNUTSON, JUSTICE.

Plaintiff and defendant Lillian Helen Bennett are divorced husband and wife. The subject matter of this litigation constituted their homestead at the time they lived together and involves the same property as that involved in Bennett v. Johnson (No. 35,044) 230 Minn. 404, 42 N. W. (2d) 44, filed herewith. The instant action was brought by plaintiff for partition, it being his claim that he and his former wife are the owners of the property as joint tenants, subject to certain encumbrances that appear of record.

Since Lillian Helen Bennett is the only defendant who answered and is alone involved in this appeal, she will be referred to hereinafter as defendant. She interposed an answer in the form of a general denial, except that she admitted the validity of certain encumbrances described in plaintiff's complaint, and then alleged by way of "a further Answer and Counterclaim" that the premises were purchased by her with her money and that plaintiff's name was inserted in the contract for deed "solely because of convenience and the marriage of plaintiff and this defendant." She then set forth an alleged indebtedness of plaintiff to defendant's aunt and mother in the total sum of $3,922.50, and further alleged that she guaranteed payment of such indebtedness in the event that plaintiff should de-

fault and that, as a result of such default, defendant's property had been encumbered by a mortgage. By way of affirmative relief, she asked that the property be adjudged to be hers to the exclusion of all rights and claims of plaintiff and that she recover of plaintiff the amount of the mortgages, with interest, which represent an indebtedness of plaintiff to her mother and aunt. While the answer is not clear, we assume that it was the intention of defendant to allege that she alone owned the property, subject to the described encumbrances.

On April 8, 1948, plaintiff moved the court for an order striking the answer as false, sham, and frivolous. The motion was supported by an affidavit of plaintiff setting forth that the claims of defendant concerning ownership of the property were litigated in another action and a settlement effected between the parties under which the title, by agreement of plaintiff and defendant, was reconveyed to plaintiff and defendant by defendant's aunt, to whom title had previously been conveyed as security for the debt which was owed to her. The deed showing the reconveyance to plaintiff and defendant, with the recording thereof, was specifically identified in the affidavit. A counteraffidavit of defendant's attorney denied the statements of plaintiff's affidavit. The trial court, on April 12, 1948, made its order striking the paragraphs of the answer relating to the indebtedness of plaintiff to defendant's mother and aunt, but denied the motion to strike the whole thereof. On April 26, 1948, plaintiff moved the court for a reconsideration and reargument of his motion of April 8 and for leave to amend his complaint by inserting therein the value of the premises involved. On April 26, 1948, the Honorable E. A. Montgomery, who had heard the first motion, made an order denying plaintiff's motion for modification of the former order, but granting plaintiff's motion for leave to amend his complaint by inserting the value of the property. Defendant was given 20 days in which to answer the amended complaint and plaintiff 20 days in which to reply. Defendant thereafter served an amended answer and counterclaim to plaintiff's amended complaint. The answer was a general denial, except that it ad-

mitted the alleged encumbrances and was identical with the first part of defendant's original answer. The counterclaim set forth substantially the same matter as the part of defendant's original pleading which had been designated "a further Answer and Counterclaim," including that portion thereof which had been stricken by the court in the first order. She asked for the same affirmative relief which she had requested in the original answer, including that which had been affected by the order striking part of the original answer and counterclaim.

Plaintiff demurred to the counterclaim and on June 8, 1948, moved the court to strike the amended answer on the ground that it was false, sham, and frivolous. This motion was again supported by the affidavit of plaintiff setting forth the recorded document establishing title to the property in plaintiff and defendant, which was again opposed by the counteraffidavit of defendant's attorney. This contained nothing by way of contradiction of the facts alleged in plaintiff's affidavit, but merely raised the procedural questions whether plaintiff's present motion could be heard in view of the fact that substantially the same thing had been passed upon in the former motion affecting the original answer. This matter came on for hearing before the Honorable Frank E. Reed on June 16, 1948, who made an order on October 15, 1948, granting the motion to strike the answer. On October 26, 1948, Judge Reed heard the case as a default matter and made his findings of fact, conclusions of law, and order for judgment, in which he determined that plaintiff and defendant each owned an undivided one-half in the fee and ordered a sale of the property. On May 18, 1949, the Honorable Levi M. Hall made an order sustaining plaintiff's demurrer to defendant's counterclaim.

Plaintiff made an assignment for the benefit of his creditors of his interest in the property here involved and thereafter moved for leave to continue this case in his own name rather than in the name of his assignee, which motion was granted. For facts respecting the assignment for the benefit of creditors, see our opinion in Ben-

nett v. Johnson (No. 35,044) 230 Minn. 404, 42 N. W. (2d) 44, filed herewith.

Defendant has appealed from the order of October 15, 1948, striking her answer, and from the order of May 18, 1949, sustaining plaintiff's demurrer to her counterclaim.

Defendant contends that the court erred in considering plaintiff's motion to strike her amended answer after a similar motion to strike her original answer had been denied by the Honorable E. A. Montgomery.

The difficulty with defendant's position is that only one motion was made to strike the amended answer. The two answers are not the same. In her original answer, in addition to a general denial, she alleged by way of "a further Answer and Counterclaim," without designating what was answer and what was counterclaim, that the premises involved were purchased by defendant in August 1942, and that ever since she had been occupying the same as her homestead and still retained the same as such; that plaintiff's name was inserted in the contract for deed because of convenience and the marriage of plaintiff and defendant; and that the money paid for the premises was defendant's. She then alleged that plaintiff was indebted to defendant's aunt and mother in the sum of $3,922.50, which sum defendant guaranteed to pay in the event of default by plaintiff, and that as a result of plaintiff's default defendant's property had been encumbered by a mortgage. She next alleged that on August 7, 1945, plaintiff, by deed to Lillian J. Johnson, gave up what right and interest he had in the premises. She then alleged that while the premises were in the name of Lillian J. Johnson defendant obtained a divorce from plaintiff in May 1947 and alleged other matter relating to actions brought by plaintiff prior to and after the divorce.

Paragraphs 5, 6, 8, and 9 of defendant's answer, relating largely to the alleged indebtedness of plaintiff to defendant's mother and aunt, were stricken by the court. While the pleading does not so indicate, we assume that these paragraphs were intended to constitute defendant's counterclaim. This left the answer in the form

of a general denial, coupled with the allegations setting forth the manner in which the property was purchased and the further allegation that plaintiff had divested himself of any interest he had by virtue of his deed to Lillian J. Johnson. Her amended answer was limited to a general denial, coupled with admissions of the validity of mortgages against the property held by defendants Travelers Insurance Company and Lillian J. Johnson. By way of counterclaim, she sets up the same matter as had been alleged as "a further Answer and Counterclaim" in the original pleading, including all that which had been stricken by Judge Montgomery. The two pleadings differ so substantially that we do not believe it can be said that the motion to strike the amended answer was the same as the motion to strike the original answer.

Defendant next contends that, even though the court could consider the motion to strike the amended answer, it was error to strike the answer as sham.

While it is true that the general denial puts in issue the alleged title of plaintiff to the premises, the affidavits show clearly that the record title was in plaintiff and defendant as joint tenants. In her original answer and in her counterclaim in the amended answer, defendant seeks to negative plaintiff's claim to title by showing that she purchased the premises and paid for them. She does not specifically allege that plaintiff has no title, unless it can be inferred from the allegation in her original answer and in the counterclaim in her amended answer that plaintiff conveyed whatever interest he had to Lillian J. Johnson. The difficulty with that proposition is that the deeds establishing title show that defendant also conveyed to Lillian J. Johnson whatever interest she had by the same deed by which she claims defendant divested himself of his title. The record further shows that both parties reacquired their joint interest by the same deed.

A general denial may be stricken as sham where it clearly appears that it is false. Deckert v. Schwartz, 163 Minn. 424, 204 N. W. 164; Murray v. Calkins, 186 Minn. 192, 242 N. W. 706; Simons v. Schwartz, 197 Minn. 160, 266 N. W. 444; 5 Dunnell, Dig. & Supp.

§ 7661. The documentary proof submitted in support of plaintiff's motion, together with the files in other actions tried or pending between the parties, to which reference is made in plaintiff's affidavit, established plaintiff's title beyond dispute in this action. Furthermore, the counteraffidavit of defendant's counsel did not controvert the claims of plaintiff in his affidavit. It simply challenged the right of plaintiff to make the motion.

Defendant next contends that the court erred in sustaining plaintiff's demurrer to her counterclaim. It is elementary that the demurrer to a counterclaim admits all material facts well pleaded, and it must be kept in mind that so far as the counterclaim is concerned the matter comes here on an order sustaining the demurrer and not on an order striking the counterclaim as sham. In order to consider this assignment intelligently, it is necessary to have in mind the allegations of the counterclaim. These allegations are as follows:

"A.

"That the premises described in plaintiff's Amended Complaint have been purchased by the defendant Lillian Helen Bennett in August, 1942, and that ever since that time she has been occupying the same as her homestead and still retains the same as such.

"B.

"That at the time said premises were purchased, a contract for deed was entered into between the sellers and this defendant and that plaintiff's name was included in said contract solely because of convenience and the marriage of this defendant and the plaintiff; that the money paid for the premises was defendant's.

"C.

"That on the 7th of August, 1945, the plaintiff voluntarily deeded to the defendant Lillian J. Johnson, by agreement with the defendant Lillian Helen Bennett, his right and or interest that he might have had in said property by virtue of the fact that when Lillian Helen Bennett purchased the premises the plaintiff's name was inserted in the contract for deed as a joint purchaser.

## "D.

"That while the title to the premises was in the name of Lillian J. Johnson, defendant Lillian Helen Bennett divorced the plaintiff on the grounds of nonsupport and cruel and inhuman treatment.

## "E.

"That during the time that plaintiff was married to Lillian Helen Bennett, the former borrowed from Lillian J. Johnson, Lillian Helen Bennett's aunt and from Hattie Larson, Lillian Helen Bennett's mother the sum of $3922.50, for which loan defendant Bennett guaranteed to repay in case that her husband, the plaintiff herein would default on his loan to Lillian Helen Bennett's aunt and mother. That plaintiff did not repay his loan to the aunt and mother and as a result thereof defendant Bennett was obliged to mortgage her home to secure back the property deeded to her aunt in August, 1945.

## "F.

"That defendant Bennett duly demanded of the plaintiff the payment of aforesaid $3922.50, however no part thereof has been repaid."

Paragraphs A and B do not allege or establish that plaintiff was not the owner of an interest in the property. The mere fact that one spouse purchases a home and uses his or her money to pay for it does not prevent the other from becoming a part owner.

Neither is paragraph C of any help to defendant. If plaintiff deeded his interest to Lillian J. Johnson, it would establish no title in defendant. If anything, it would show that defendant was not the owner, as she claims to be. Lillian J. Johnson is named as a party defendant in this action. She failed to answer, and by her default she in effect admits plaintiff's claim of ownership.

In no sense can paragraph D be said to constitute a cause of action, and it merits no discussion.

Nor do we believe that paragraph E establishes a cause of action in defendant against plaintiff. Defendant does not allege that she has been compelled to pay plaintiff's alleged debt. At best, she

alleges that her property is encumbered by a mortgage to secure plaintiff's debt, which plaintiff failed to pay. Even if this were true, she is in no position to seek recovery of plaintiff until she has been compelled to pay the debt. A surety must pay the debt before he can have a cause of action against the principal. Campbell v. Rotering, 42 Minn. 115, 43 N. W. 795; Klein v. Funk, 82 Minn. 3, 84 N. W. 460. Nor is defendant entitled to subrogation until she pays the debt. Lumbermen's Ins. Co. v. Sprague, 59 Minn. 208, 60 N. W. 1101; Knoblauch v. Foglesong, 38 Minn. 459, 38 N. W. 366; London & Northwest American Mtg. Co. v. Fitzgerald, 55 Minn. 71, 56 N. W. 464; Burman v. California Ins. Co. 186 Minn. 28, 242 N. W. 387.

The counterclaim does not state facts sufficient to constitute a cause of action, and the demurrer was properly sustained.

Affirmed.

